## SCOTT ET AL. *v.* SHIRK, CASHIER, ETC.

PROMISSORY NOTE.—*Principal and Surety.*—*Protest.*—*Notice of Non-Payment.*— Neither protest, nor notice to the surety of non-payment, by his principal, is necessary to bind a surety on a promissory note payable in bank.

SAME.—*Power of Bank Over its Deposits.*—A bank of deposit has no power to apply a money deposit in its possession, belonging to the maker of a promissory note payable at such bank, to the satisfaction of such note, without his consent.

SAME.—*Judgment Against Principal.*—*Negligence in Issuing Execution.*—*Pleading.*—In an action on a promissory note payable in bank, against a principal and surety, wherein judgment by default had been rendered against the principal, the surety thereafter answered, alleging that the plaintiff had caused an execution to be issued against the principal; that, though requested by the surety to levy on certain personal property belonging to the principal, the plaintiff had caused the sheriff to hold the execution without levy; and that the principal had thereafter died insolvent.

*Held*, on demurrer, that, even if such answer could be made sufficient, it is insufficient for want of an averment that such property was subject to execution, and of a value sufficient to satisfy the same; it being an answer to but part, though pleaded to the whole, of the complaint.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar*, for appellants.

*H. J. Shirk* and *J. Mitchell*, for appellee.

BIDDLE, C. J.—The appellee brought this suit upon a promissory note, made to him by the appellants and James T Miller, for two hundred and eighty dollars, ne-

gotiable and payable at the First National Bank of Peru, Indiana.

Miller was served with process, defaulted, and judgment was rendered against him.

The appellants answered in six special paragraphs.

Demurrers were sustained to the first, third and fourth, and replies filed to the second, fifth and sixth.

Trial by the court; finding and judgment against the appellants. They excepted to the rulings of the court, in sustaining demurrers to the first, third and fourth paragraphs of answer, appealed, and have presented the questions to this court by assignments of error.

The first paragraph of the answer alleges, briefly stated, that Miller was the principal in the note, and Scott and Gahs his sureties, which was well known to the payee; that no notice of the non-payment of the note was ever given to the sureties, and no protest for non-payment ever made.

This is insufficient. Miller and his sureties were all makers of the note to the payee. In such cases, neither protest for non-payment, nor notice of non-payment, is necessary.

The third paragraph avers, that Miller was principal, and Scott and Gahs his sureties, on the note, which was well known to the payee; that, at the time the note matured, Miller was transacting a large business with the bank, and, from that time to the commencement of this suit, had large sums of money on deposit in the bank, out of which the bank could, and ought to, have retained the amount of the note, and saved the sureties harmless.

The bank had no power to transfer money deposited by Miller to the payment of the note without Miller's consent; and, having no such power, their failure to do so can not be set up as a defence to the note.

In the fourth paragraph, it is alleged, that Miller was principal in the note, and Scott and Gahs his sureties,

which was well known to the plaintiff; that, after the plaintiff recovered judgment against Miller, he caused execution to issue on the judgment, which was delivered to the sheriff, who was directed by the sureties to levy the same on a certain horse and buggy and other personal property of Miller; that the plaintiff directed the sheriff not to levy the same upon the property of Miller, but to hold said execution and " do nothing with it ; " that " said sheriff did withhold the levying of said execution, whereby said money might have been made;" that afterwards Miller died, leaving his estate insolvent.

Whether this paragraph could be made sufficient by fuller averments of the facts stated, we need not enquire; but, as it stands, it does not allege that the property so directed to be levied upon was subject to execution, nor aver its value, nor that it was sufficient to satisfy the execution; without all of which averments it is fatally defective, if even otherwise good. The paragraph is pleaded to the whole complaint, and, not answering the whole, is insufficient for that reason, if for no other.

The judgment is affirmed, at the costs of the appellants.