Telford v. Wilson et al.

———◆◆———

TELFORD v. WILSON ET AL.

No. 7353.

PRACTICE.—*Jury.*—*Courts may Recall after Discharge.*—Courts have full power, after having discharged the regular panel of jurors, to order the recall of such panel at any time during the same term, without the issue of summons.

SAME.—*New Trial.*—*Irregularity as Cause.*—Before any irregularity in the proceedings of a court can be made available as a cause for a new trial, under the statute, the aggrieved party must show that he had been thereby prevented from having a fair trial.

From the Tippecanoe Circuit Court.

*B. W. Langdon,* for appellant.

*H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellees.

Howk, J.—This was a suit by the appellees against the appellant, to recover the possession of certain real estate, particularly described, in Tippecanoe county, Indiana. The appellant answered the appellees' complaint by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellees, to the effect that they were the owners and entitled to the possession of the real estate described in the complaint, and that they had sustained damages by reason of the unlawful detention of said real estate in the sum of $164.44. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment on the verdict.

In this court the only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial. In this motion the following causes were assigned for such new trial:

1. The verdict of the jury was not sustained by sufficient evidence;

2. The verdict was contrary to law; and,

3. "That there was irregularity in the proceedings or orders of the court, in this, that, after the jurors of the regular panel had been discharged for the term, the trial was had and ordered by the court, over the objections of the defendant."

The only question presented for decision, and discussed by the appellant's counsel in his brief of this cause, is the supposed irregularity in the proceedings and orders of the court, which constitutes the third reason or cause assigned for a new trial in the motion therefor. This question was duly saved in the record by a proper bill of exceptions, which showed, in substance, the following facts: On the 25th day of June, 1878, being the 56th judicial day of the

April term, 1878, of the court, the jurors of the regular panel of the jury for that term of said court, to wit, certain named persons, being then there present in open court, about 1 o'clock A. M. of said day, the judge of said court publicly said to said jurors : " Gentlemen, you are discharged for the term ;" and thereupon the said jurors retired from the court-room. In about forty-five minutes afterward, on the same day, the judge of said court, having learned that this cause was set for trial on the afternoon of that day, told a bailiff (the court still being in session) to ask the jurymen to return to the court-room at two and one-half o'clock P. M. of the same day; at which time the jury appeared, and the cause was continued for trial until the following Friday. The court ordered the clerk not to make an entry of the discharge of the jury on the record, and no other order, either oral or written, was made or given touching the recalling of said jury. Afterward, on Friday, the 59th judicial day of said term, being the 28th day of June, 1878, this cause was called for trial, when the same named jurors of the regular panel of that term appeared in the jury-box as a jury to try the issues in this cause, without having been summoned, since the date of their discharge as aforesaid, by the sheriff of said county, to serve as jurors in this case, except as hereinbefore stated ; to which jury or panel the appellant objected, on the ground that such jury was not a jury from the regular panel of the court, and that the jury from the regular panel had been theretofore discharged by the court for the term, and that, since the jury from the regular panel had been discharged by the court as aforesaid, the present jurors had not, nor had any or them, been summoned by the sheriff of said county from other competent citizens of the county, to serve as jurors of said court. The court overruled these objections, and to this ruling the appellant excepted.

The question for decision is, did the court err in over-

ruling the appellant's motion for a new trial of the issues in this case, for the third cause assigned therefor? It seems so clear to our minds, that no error was committed by the court in overruling the motion for a new trial, for the third cause stated therein, that we can hardly regard it as a debatable question. The appellant intended, no doubt, in framing his motion for a new trial, to state and assign, as his third reason for asking a new trial of the issues in the case, the first statutory cause for a new trial. Section 352 of the code provides as follows:

"A new trial may be granted in the following cases, and upon the following terms:

" *First.* Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial." 2 R. S. 1876, p. 179.

It will be observed, from the summary we have given of the record before us, that the appellant does not claim that the jury trying this cause was not composed of competent jurors; but his sole complaint is, that this jury, having been publicly told by the court that they were discharged for the term, and having retired from the courtroom, were no longer the regular panel of jurors for that term, and could not be recalled by the court within the same day, for the trial of this case. We can not see this question in the light in which the appellant's counsel seeks to present it. We think that the court, under the facts shown in the record, had full power and authority under the law, at any time during the term, to order and direct the recall of the jurors of the regular panel, as such regular panel, for the trial of this cause, notwithstanding their previous discharge, and without the issue of any formal summons for their recall. If it were conceded that the action of the court in the premises was informal or irregular, before such irregularity or informality could be

made available as a cause for a new trial, it would be necessary, we think, for the appellant to show that he had been thereby prevented from having a fair trial. In the absence of such a showing, and nothing of the kind appearing in the record, we may well conclude, as we do, that the irregularity complained of, conceding it to be such, did not prevent the appellant from having a fair trial, and was therefore harmless.

We are of the opinion, that the appellant's motion for a new trial of this cause was correctly overruled.

The judgment is affirmed, at the appellants' costs, with ten per centum damages. And it appearing to the satisfaction of the court, that, since the submission of this cause, the appellant has departed this life, the judgment of this court is rendered as of its November term, 1878.