Robards v. Marley.

No. 9295.

ROBARDS v. MARLEY.

CONTRACT.—*Rescission.*—*Conveyance.*—*Tender.*—Where land has been conveyed by warranty deed, in pursuance of a contract to exchange lands, the vendee, in order to rescind, must reconvey the title so conveyed to him.

CONVEYANCE.—*Real Estate.*—*Law of Place.*—The law of the State where the land is situate controls in its alienation and in the construction of conveyances.

SAME.—*Common Law.*—*Prsumption.*—In the absence of proof, the Supreme Court will presume that the common law is in force in a sister State.

SAME.—*Quitclaim Deed.*—*Estate for Life.*—Under the common law, an ordinary quitclaim deed for land in Kansas only conveys an estate for life, as it is without words of inheritance, and is insufficient to re-invest the vendor with the title so conveyed by him.

SAME.—*Rescission.*—*Pleading.*—*Exhibit.*—A deed of reconveyance, in an
action to rescind a contract, is not a proper exhibit, and can not limit the
averments of the pleading which it accompanies.

SAME.—*Agent.*— *Waiver.*—The refusal of an agent to accept a deed, on the
ground that he has no authority, does not waive the objection that the
deed is not sufficient to reconvey the title.

SUPREME COURT.—*Law of Foreign State.*—*Judicial Notice.*—The Supreme
Court will not take judicial notice of the laws of a sister State, but they
must be proved as other facts.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake,* for appellant.
*J. V. Hadley, T. J. Cofer* and *N. M. Taylor,* for appellee.

BEST, C.—The appellant brought this action against the ap-
pellee for the specific performance of a contract for the con-
veyance of real estate.

It was averred in the complaint that the appellant, on the
8th day of March, 1878, conveyed to the appellee, by a good
and sufficient deed of warranty, a half section of land in
Lyons county, Kansas, in consideration of which the appellee
paid him $275, and agreed to convey him, within a few days
thereafter, lot five (5), in block three (3), in Danville, Hen-
dricks county, Indiana; that, though such time has elapsed,
the appellee refuses to make such conveyance.    Afterward, a
supplemental complaint was filed, in which it was alleged that
the lot was worth $2,000; that the appellee, since the com-
mencement of the suit, had conveyed it to another, and thus
rendered himself unable to perform his contract.    Prayer for
$3,000 damages.

The appellee filed a counter-claim in several paragraphs,
each of which alleged, substantially, that he was induced by
the fraud of the appellant, stating the facts, to make the con-
tract mentioned in the complaint; that, as soon as he discov-
ered the fraud that had been practiced upon him, he tendered
a reconveyance of the land to the appellant, and that he brings
the deed into court for him; that he has not taken possession
of the land so conveyed to him, has not had his deed recorded,

nor has he encumbered the property or received anything from it.   Prayer for a rescission, and for judgment for $275.

A demurrer for want of facts was overruled to each of these paragraphs, and a reply in denial was filed.

The issues were submitted to a jury, and a verdict was returned for the appellee, rescinding the contract, and assessing his damages at $100.

A motion for a new trial, because the verdict was not sustained by sufficient evidence, and was contrary to law, was overruled, and final judgment rendered upon the verdict. From this judgment the appellant appeals, and assigns as error the order of the court in overruling his motion for a new trial. It is conceded that the land in Kansas was conveyed by the appellant to the appellee by a good and sufficient deed of warranty, and as the deed of reconveyance, tendered by the appellee, and brought into court for the appellant, was an ordinary quitclaim deed, it is insisted that such deed is insufficient to reconvey the title.

The appellee does not dispute the proposition, that, in order to entitle him to a rescission of the contract, it was necessary to restore or offer to restore to the appellant what he had received of him.   To do this it was necessary to reconvey the land which had been conveyed to him.   DeFord v. Urbain, 48 Ind. 219.   This the appellee attempted to do by the deed in question, and whether it was sufficient depends upon the law of Kansas.

It is well settled, that to the law of the State in which land is situated we must look for the rules which govern its alienation and transfer, and for the effect and construction of conveyances.   McGoon v. Scales, 9 Wal. 23; Bethell v. Bethell, 54 Ind. 428.

No law of Kansas was proved, and in the absence of such proof the court will presume that the common law prevails in that State.   Crake v. Crake, 18 Ind. 156; Smith v. The Muncie Nat'l Bank, 29 Ind. 158.

The deed in question, under the common law, does not con-

vey an estate of inheritance, but an estate for life merely, as it is without words of limitation.   *Nicholson* v. *Caress*, 45 Ind. 479.

It was, therefore, not sufficient to reinvest the appellant with the title which his deed had conveyed.

The appellee insists that the deed read in evidence supported the averment of his pleading, and in such case it can not be insisted that the evidence was insufficient, but the question must be as to the sufficiency of the pleading.   We think otherwise, but, however this may be, the averment in the several paragraphs was, that the deed tendered conveyed all the title received from the appellant.   It is true that a copy of the deed tendered accompanied the pleading, but this copy was not a proper exhibit and could not limit the scope of the averment.   *Watkins* v. *Brunt*, 53 Ind. 208 ; *Wilkinson* v. *The City of Peru*, 61 Ind. 1.

It is next insisted that the defect in the deed was waived by a failure to make the objection when it was tendered.   We do not think there was a waiver, if indeed there could be, when such a deed is refused.   In this case, the appellant was absent, and the deed was tendered to a couple of persons as the agents of appellant, each of whom declined to accept it, upon the ground that he had no authority to do so.   Under these circumstances, there was no waiver.

It is also insisted that the law of Kansas is the same as the law of this State, and, since the jury found the fact in accordance with the law, the verdict should not be disturbed.   In support of this position an extract from *Hale* v. *The New Jersey, etc., Co.*, 15 Conn. 539, is cited.   That case was decided under a statute which required the court to take judicial notice of the laws of a sister State, and therefore is no authority where such a statute does not exist.   The statute law of a sister State is a fact that must be proved like any other fact, and in the absence of such proof this court presumes that the common law is in force in such State.   *Patterson* v. *Carrell*, 60 Ind. 128.

Finally, it is insisted that the omission to prove the law of

Kansas does not affect the substantial rights of the parties, and, therefore, the judgment should not be reversed. This depends upon the law of Kansas. If it is as the appellee claims, then the judgment is right; if otherwise, it is wrong. We can not take judicial notice of the law, and as it was not proved, we can not say that the judgment was right. We think, upon the evidence, it was wrong.

For the error in overruling the motion for a new trial, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the costs of appellant, with instructions to grant a new trial.