Burgett *et al. v.* Teal *et al.*

No. 10,493.

## BURGETT ET AL. *v.* TEAL ET AL.

DEED.—*Fraud.— Rescission.—Tender of Repayment.— Complaint.*— A complaint to set aside a deed because of fraud, which fails to show an offer to put the grantee *in statu quo* by repayment of the purchase-money, is bad; nor is it sufficient to aver as an excuse that the defendant has concealed the amount in order to avoid a tender, without an offer to pay.

SUPREME COURT.—*Harmless Error.—Interrogatories to Jury.*—The general denial and special defences were pleaded, and it appeared by answers of the jury to interrogatories, that upon the trial there was an utter failure to prove the truth of the complaint, and that there was no motion for a new trial.

*Held,* that the Supreme Court could not reverse because of error in overruling demurrer to the special paragraphs of the answer, the errors being harmless.

From the Shelby Circuit Court.

*B. F. Davis, S. A. Forkner, E. P. Ferris, W. W. Spencer, J. S. Ferris, N. B. Berryman* and *G. Adams,* for appellants.

*T. B. Adams, L. T. Michener, B. F. Love, A. Major* and *H. C. Morrison,* for appellees.

BICKNELL, C. C.—Thomas Dixon and his second wife, by whom he had no children, conveyed 120 acres of land in Shelby county to William E. Teal, and in consideration thereof, and at the same time, Teal and wife conveyed to Dixon and wife a house and lot in Shelbyville, and Teal assumed the payment of three mortgages, which were liens on the 120 acres, and which together amounted to $2,550, besides interest and the costs of a suit pending on one of the mortgages.

These conveyances were made on March 1st, 1877, and each contained a stipulation that possession should not be given until March 1st, 1878. In August, 1878, Dixon died, leaving his said wife his survivor.

In December, 1880, the appellants, Dixon's children and grandchildren, brought this suit against Teal and Dixon's widow, the appellees.

The complaint was in four paragraphs, each of which stated the foregoing facts:

The first paragraph averred, also, that the 120 acres were worth $9,000, and that the Shelbyville lot was worth only $1,000, and that the only consideration of Dixon's conveyance was the conveyance to him and his wife by Teal and wife of the Shelbyville lot and the payment by Teal of $2,500 upon the mortgages aforesaid; that Dixon was " old, infirm, diseased, of feeble and unsound mind, and incapable of transacting any business," as defendants well knew; that Teal and Dixon's wife persuaded and induced him to execute his said conveyance; that plaintiffs, before suit brought, notified defendants that they disaffirmed the conveyances, and demanded a conveyance of the 120 acres.

Copies of the conveyances and notices were made parts of this paragraph; Dixon's deed states its consideration as $6,-000; the consideration of Teal's deed is stated therein as $3,000. The notices were served November 3d, 1880. In the notice to Dixon's widow the plaintiffs " hereby demand a reconveyance of the Shelbyville lot by her to William E. Teal." In the notice to Teal the plaintiffs demand from him a conveyance of the 120 acres.

This paragraph shows no repayment to Teal of the $2,500 alleged to have been paid by him, and it shows no offer to put Teal *in statu quo* in any respect. This paragraph prays that said deeds so executed be set aside and declared void, and that plaintiffs' title be quieted.

The second paragraph alleges that Dixon was " infirm, old, diseased, weak in body and mind, and incapable of comprehending and transacting business affairs;" and that the defendants conspired together to cheat and defraud Dixon by representing to him that said 120 acres, which were in fact worth $9,000, were worth only $6,000; and that the Shelbyville lot, which was in fact worth only $1,000, was worth $3,-000; that the consideration, " paid and assumed," for said 120 acres, was less than $3,700, the exact amount being unknown

to the plaintiffs; that said Teal has concealed said amount from the plaintiffs to prevent a tender thereof by them; that they are ready and willing to pay said amount when ascertained. This paragraph also alleges notices of disaffirmance. Its prayer is that the amount due Teal be ascertained, and that on payment thereof said deeds be set aside, etc.

The third paragraph alleges that Dixon was of unsound mind, and avers notice of disaffirmance, and that plaintiffs demanded a reconveyance of the 120 acres, and that the widow of Dixon refuses to join in this suit as plaintiff, and, therefore, is made a defendant. This paragraph prays that the conveyance of the 120 acres be set aside, and that plaintiffs' title thereto be quieted.

The fourth paragraph avers that Dixon was " old, infirm, of weak mind and frail body, and had been long troubled with epilepsy, and had suffered from a bruise on the head, and was ignorant of the value of property in Shelbyville; that Teal represented to him that the Shelbyville lot, together with the use of the 120 acres for a year, was worth as much as the 120 acres; that Dixon's wife assisted in perfecting the exchange and carrying out the fraud of Teal in order to become one of the grantees of the Shelbyville lot; that said representations induced Dixon to make the deed; that Dixon's disabilities were well known to Teal, who, therefore, urged and hastened the completion of the contract; that Dixon's widow still holds the Shelbyville lot; that the plaintiffs " are not able to tender back what Teal has paid." This paragraph also avers notice of disaffirmance, and that Dixon's widow refuses to join as plaintiff, and is, therefore, made a defendant.

This paragraph demands a rescission of the contract so far as the plaintiffs are concerned, and that if relief can not be granted on any other terms, an accounting may be had, and defendant Teal compensated for the encumbrances he has paid.

Demurrers by the defendant Teal were sustained as to all of these paragraphs except the third, to which his demurrer was overruled.

Demurrers by the defendant Dixon's widow to the entire complaint, and to its paragraphs separately, were sustained.

The defendant Teal answered the third paragraph of the complaint by a general denial and two special paragraphs.

The plaintiffs moved to strike out part of the second paragraph of said answer. This motion was overruled.

The plaintiffs demurred to each of the second and third paragraphs of said answer, and said demurrers were overruled.

The plaintiffs then filed a reply in denial of said special paragraphs of answer, and they filed a special reply to the second of said paragraphs.

The defendant Teal demurred to said special reply, and said demurrer was sustained.

The issues thus joined between the plaintiffs and the defendant Teal were tried by a jury, who returned a general verdict for the defendant, upon which the court rendered judgment.

The plaintiffs appealed, assigning thirteen errors, all of which relate exclusively to the rulings of the court upon the pleadings.

There was no error in sustaining the demurrers to the first paragraph of the complaint. It avers that the contract was procured by fraud and imposition upon a person of feeble intellect, and it appeals to the equitable powers of the court to rescind the contract and to set the conveyances aside, but it fails to state repayment, or an offer of repayment, to Teal of the money alleged to have been paid by him as a part of the consideration of Dixon's conveyance. This is a fatal defect. *Watson Coal and Mining Co.* v. *Casteel,* 68 Ind. 476 ; *Hanna* v. *Shields,* 34 Ind. 84; *Shaw* v. *Barnhart,* 17 Ind. 183 ; *Robards* v. *Marley,* 80 Ind. 185 ; *DeFord* v. *Urbain,* 48 Ind. 219.

There was no error in sustaining the demurrers to the second paragraph of the complaint. This paragraph also demands a rescission of the contract, and fails to state payment or an offer of payment of the consideration received for the alleged fraudulent conveyance. It presents, as an excuse for

such failure, the allegations that the plaintiff did not know the amount paid by Teal, and that Teal concealed the amount in order to prevent a tender thereof by the plaintiffs. This was not a sufficient excuse. If the plaintiffs did not know the amount of the incumbrances from which the property had been relieved, they might have learned it by inquiry of the holders of the mortgages, if not from the records. It was not possible for Teal to conceal from the plaintiffs the amount paid by him on the mortgages.. A contract can not be affirmed in part so as to hold the price, and disaffirmed in part so as to avoid the conveyance.

There was no error in sustaining the demurrers to the fourth paragraph of the complaint. This paragraph was bad for the same reasons heretofore stated in reference to the first and second paragraphs. It merely alleges that the "plaintiffs are not able to tender back what Teal has paid," and that Mrs. Dixon refuses to join as plaintiff, and therefore is made a defendant. There is no cause of action stated in this paragraph as to either of the defendants.

The third paragraph of the complaint was held sufficient. There was no available error upon the ruling of the court in refusing to strike out parts of the second paragraph of the answer of the defendant Teal. *Morris* v. *Stern,* 80 Ind. 227; *Hewitt* v. *Powers,* 84 Ind. 295.

The third paragraph of the complaint, upon which, with the answers and replies thereto, the cause was submitted to the jury, stated, as the sole ground of the relief claimed, that Dixon, the ancestor of the plaintiffs, was of unsound mind when he made the conveyance sought to be set aside, and that the plaintiffs had given due notice of their disaffirmance of the contract.

One of the answers of the defendant was the general denial. Therefore, if the plaintiffs failed to prove such unsoundness of mind, they had no cause of action. With their general verdict for the defendant, the jury answered interrogatories, as follows:

"1. Was Thomas Dixon, at the time of executing the deed to William E. Teal, of sufficient mental capacity to understand the nature, effect and consequence of executing the same? Answer. Yes.

"2. Did the plaintiffs, before the commencement of this suit, give the defendant Teal notice that they disaffirmed that part of the contract contained in the deed of Teal and wife to Thomas and Miranda Dixon? Answer. No.

"3. Did the plaintiffs, before the commencement of this suit, give the defendant Teal notice that they disaffirmed that part of the contract contained in the deed of Thomas Dixon and wife to Teal? Answer. Yes.

"4. Were the deeds from Teal and wife to Dixon and wife, and from Dixon and wife to Teal, concurrent acts and made in execution of the same contract? Answer. Yes.

"5. Was Thomas Dixon a person of unsound mind at the date of the deed to William E. Teal? Answer. No."

It appears by these special findings that Dixon, at the date of the deed sought to be set aside, was not a person of unsound mind.

No objection was made to the verdict nor to the special findings; therefore the rulings upon the demurrers to the special defences and to the replies, even if erroneous, would not warrant the reversal of the judgment. The matters therein averred could become material, only in case the unsoundness of mind, alleged in the third paragraph of the complaint, should be proved. It makes no difference what would or would not be a defence to an allegation of unsoundness of mind, if, as the verdict and special findings show, there was no unsoundness of mind in the present case.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Nov. 3, 1883.