Filed Sept. 18, 1884.

---

No. 11,187.

FITCH ET AL. *v.* CITIZENS NATIONAL BANK OF GREENS-
BURGH.

PROMISSORY NOTE.—*Condition.*—*Interest.*—*Attorney's Fees.*—A promissory note conditioned that interest shall be compounded if not paid at maturity, and stipulating that five per cent. attorney's fees shall be paid, does not make the payment of attorney's fees conditional.

SAME.—*Endorser.*—*Surety.*—*Notice of Non-Payment.*—One who endorses a note as surety for the maker is not entitled to notice of non-payment.

SAME.—*Waiver of Notice.*—Where a note payable at bank contains a waiver by the endorser of notice of protest for non-payment, notice of non-payment is waived by the endorser.

PRACTICE.—*Answer to Interrogatories.*—The court may, under the code, strike out the defendant's answer if he fail to answer interrogatories as ordered, in the absence of a sufficient excuse shown.

SAME.—*Time of Trial.*—Where it appears from the whole record that there was no meritorious defence, there is no available error in the trial of the cause before the day set for its trial.

From the Dearborn Circuit Court.

*J. D. Haynes, J. K. Thompson, W. S. Holman* and *W. S. Holman, Jr.,* for appellants.

*W. A. Moore* and *J. O. Marshall,* for appellee.

ZOLLARS, J.—A note was declared upon by appellee, as having been executed by one and endorsed by the other of appellants. At the trial the only evidence was the note and the endorsement thereon, and the agreement that the apparent

endorser was, in fact, a surety. Judgment was rendered in favor of appellee, against appellants, the one as principal and the other as surety, for the amount due upon the note, including $100 as attorney fees.

The contention of appellants is, that the attorney fees should not have been allowed, because the stipulation in the note was conditional; and that the finding and judgment of the trial court is not sustained by sufficient evidence, as there was no proof of notice of the non-payment of the note. The note is in the ordinary form of a note payable at a bank. That portion upon which appellants base their argument is as follows: " With eight per cent. interest from date, payable annually, compounded if not paid when due. ' Five per cent. attorney fees. Extension of time after maturity, with or without consideration, will not release sureties on this note. The drawers and endorsers severally waive presentation for payment, protest, and notice of protest, of the non-payment of this note.                     HENRY FITCH."

It was endorsed " D. W. C. Fitch."

The promise to pay attorney fees is without any condition. The condition in relation to compounding the interest does not apply to it. There was, therefore, no error in allowing the five per cent. attorney fees.

The objection that there was no proof of the non-payment of the note is not available for at least two reasons. In the first place, we think that the waiver in the note clearly includes notice of non-payment. The purpose of a protest, and notice of it, is to bind the endorser, by thus giving him notice that the paper has been dishonored by the maker. When these are waived, notice of non-payment is waived. It is very evident that the contracting parties in the case before us intended to waive each and everything usually necessary to bind the endorser. There was, therefore, no need of proof of notice of non-payment. *Gordon* v. *Montgomery,* 19 Ind. 110 ; *Neal* v. *Wood,* 23 Ind. 523.

In the second place, as this case was disposed of upon the

agreement of the parties, there was no endorser to be notified. The apparent endorser was adjudged to be a surety. As to the principal and surety upon a note, no notice of non-payment is necessary; they are bound to take notice. *Gordon* v. *Montgomery, supra; Scott* v. *Shirk,* 60 Ind. 160.

The cause was commenced on the 23d day of August, 1883. On the 7th day of the September term, 1883, appellants filed an answer of general denial and payment. One of them filed a cross complaint, setting up suretyship. Appellee filed a reply, admitting the suretyship, and also a general denial of the plea of payment, and with it, an interrogatory. The court made an order that the interrogatory should be answered by noon of the following day, being the eighth day of the term. One of the appellants, with one of their counsel, looked for the papers with the purpose of making answer to the interrogatory, but did not find them, although they were on file all the while. If the papers had been found, the answer would have been made.

At three o'clock on the eighth day, the court, on motion of appellee, " closed the rule," and struck out the answer of payment, because of the failure to answer the interrogatory within the time fixed. Previous to that time, the case had been set for trial on the twelfth day of the term. Appellants' counsel objected to the striking out of the answer, and stated that if time should be given until the next call of the case the interrogatory would be answered, and that the trial would not thereby be delayed beyond the twelfth day of the term, on which day the case had been set for trial. After the answer was struck out, appellee demanded an immediate trial of the cause. Appellants' counsel objected to the trial, and asked for a short delay to call in appellants, who were about their business in the town where the court was sitting, to make a showing for delay. This the court refused unless appellants' counsel would state professionally, that appellants had a valid defence to the note. Upon saying that they could not make such a statement, because they had not the

necessary information, the case was tried without further delay. Because of this action of the court, we are asked to reverse the judgment.

The interrogatory was directed to the question of payment set up in the second answer. The rule to answer the interrogatory was not complied with, nor was a sufficient excuse offered for the failure. If payments had been made upon the note, it would have been an easy matter to answer the interrogatory. For such an answer the time given was more than ample. No effort was made to comply with the rule until a few hours before the expiration of the time given. The search for the papers could not have been very thorough, as they were on file, and doubtless, upon inquiry of the clerk, would have been produced. It was the duty of appellants to have been in court to comply with the rule, or furnish some valid excuse for not doing so. Courts can not extend rules, or suspend business, for the convenience of litigants who may choose to absent themselves from the court-house to attend to other matters. In this case, no kind of excuse is offered for the absence of appellants. It is manifest that they paid but little regard to the order of the court. This is manifest from the record before us. It may have been more manifest to the court below. The statute provides that the court may enforce such orders by attachment or otherwise. Section 359, R. S. 1881.

The court, without doubt, had authority to strike out the answer upon failure to answer the interrogatory. Bicknell Pr. 122. The court may strike out an answer when shown to be a sham by the answers to interrogatories. Section 382, R. S. 1881. But it does not follow from this that it may not strike out such answer upon failure to answer interrogatories.

The record does not show by whom the cause was set for trial upon the 12th day of the term. In argument counsel speak of it as having been set by the clerk. If, in fact, it was so set, it was without authority, and the court was not

bound by it. The code of 1852 provided that the clerk might set cases for trial. Section 359, 2 R. S. 1876, p. 184. But there is no provision of that kind in the code of 1881. This latter code has two provisions upon the subject of the order of trials. Section 518 provides that the trial in each action shall be in the order in which it stands upon the docket, unless the court, for good cause shown, shall direct otherwise. This is the same as section 321, code of 1852. 2 R. S. 1876, p. 164. The holding under that section has been that the court has some discretion in the matter of taking up causes, and that this court will presume, the contrary not appearing, that good ground for the action of the court existed. *French* v. *Howard,* 14 Ind. 455.

In the case before us, however, it is not shown that the case was tried out of its order, as it stood to other cases upon the docket. For aught that appears, every case preceding it, if there were any, had been tried and fully disposed of. Section 360, code of 1852, which followed the section in relation to the setting of cases by the clerk, provided that the trial of issues of fact should be on or after the day on which the cause was set on the docket, unless otherwise agreed by the parties. This was carried into the code of 1881 as section 403. As to all cases set for a day by the court, it is applicable. It is applicable to the case before us, if we assume that the case was set by the court. Upon such an assumption, the action of the court in trying the cause at the time it was tried, not only without the agreement of the parties, but over the objection of appellants, was irregular and erroneous. Cases may arise in which such an error will be so serious in its consequences as to require the reversal of the judgments. When a case is set for trial by the court for a particular day, the parties have the right to rely upon it, and subpœna their witnesses for that day. To force a trial at an earlier day may be to deprive a party of the benefit of witnesses, and thus defeat his cause of action or defence.

The case before us, however, does not appear to be such a case. So far as shown by the record, the error, assuming that the case was set by the court, and that, therefore, there was error, was a harmless one. At no time, and in no manner, was it claimed in the court below that appellants had any defence to the note. Not only was no such showing made by appellants in any effort to set aside the judgment, or for a new trial, but their counsel would not take the responsibility of stating that there was such defence in order to save the answer and get a continuance of the cause. If appellants had any defence, it is very remarkable that their counsel, who prepared and filed the answer and cross complaint, were not made acquainted with it. The whole course of appellants shows, very conclusively, that they have no defence to the note, and that their only ground of complaint is the rendition of the judgment four days earlier than they thought they had a right to expect.

This is not such an error as would justify this court in a reversal of the judgment. Sections 398 and 658, R. S. 1881; *Payne* v. *June,* 92 Ind. 252; *Rawson* v. *Pratt,* 91 Ind. 9; *Burgett* v. *Teal,* 91 Ind. 260.

These cases do not involve the exact question here presented, but they, and many like cases that might be cited, settle the rule for the government of this court.

If it were in any way shown that appellants have any defence to the note, we should have a different case. It might then appear that they were injured by the action of the court below. Without such a showing, this court should not overthrow judgments and prolong litigation in cases of this character. *Telford* v. *Wilson,* 71 Ind. 555.

The judgment is affirmed, with costs.

Filed Sept. 24, 1884.