(Licking County Court of Common Pleas.)

RANDOLPH I. FRANCIS *v.* THE PEOPLE'S NATIONAL BANK OF NEWARK, O

Where a person gives a promissory note, and by its terms makes the said note payable at a particular bank at which he is a general depositor, the said bank has the right upon the authority conferred upon it by the terms of said note, and without further authority, to pay said note upon presentation when the same becomes due, out of any funds of the maker of said note, in its hands on general deposit at the time said note is presented to said bank for payment.

(Decided January Term, 1895.)

The action was brought by the plaintiff to recover of the defendant, the Bank, the sum of $110.00, with interest from the 6th of July, 1886, which he claims he had on general deposit in the bank, and which the bank refused to pay on demand.

The second amended answer sets forth that the plaintiff had been a depositor with said bank previous to the 16th day of June, 1886, and then had a sum of money greater than the sum of $110.00, on deposit therein, and that a promissory note, of which the following is a copy:

"$110.00                                           May 14, 1886.

"30 days after date, we jointly and severally promise to pay W. H. Chilcoat or order one hundred and ten dollars, payable annually after maturity.

"Payable at People's N Bank.                    R. I. FRANCIS."

Endorsed: "W. H. Chilcoat and owned by Henry R. Burner."

was presented to the defendant bank by another bank in the city for pay-ment, and that the defendant bank paid said note upon the authority contained in the note itself. And a further defense was contained in said an-

swer that there had been an accounting and settlement with the parties, and that plaintiff had ratified the payment of this note out of the general deposit.

Issue was taken upon this by reply, denying said note was made payable at the bank, denied that the bank had any authority without directions further than were contained in said note to use the deposits of plaintiff to pay the same, and denied that there had been any accounting and settlement between the parties.

Among other things, the plaintiff requested the court to charge the jury as follows:

"Unless you find from the evidence that this note was by its terms made payable at the People's National Bank of Newark, Ohio, your verdict must be for the plaintiff.

"If said note were by its terms payable at the People's National Bank of Newark, Ohio, the fact that it is made payable at said bank is not authority to said bank at which it is payable, to pay it for the payer.

"If you find from the evidence that before the commencement of this action the defendant rendered to plaintiff an account claiming as its own the money sued for in this case, it is not necessary, to entitle plaintiff to bring or maintain this action, that any demand for the payment of said money should previously have been made."

## CHARGE OF THE COURT.

GILL, J.

(The court reads the pleadings: Petition, Amended Answer and Reply.)

These are the issues, as made by the pleadings, which you are to consider.

It is admitted by the pleadings and by the parties on the trial that the note mentioned in the pleadings was executed by the plaintiff as of the date and for the amount therein stated. That the same was paid by the defendant at its bank to the holder thereof on the 16th day of June, 1886. That the plaintiff was a general depositor in the bank, and had sufficient money in the bank on deposit at that time to pay the amount of the note.

All other allegations of the petition are denied by the answer, and the allegations of the answer are denied by the reply.

The plaintiff alleges and claims that the defendant, without authority from him or authority of law, converted to its own use the sum of one hundred and ten dollars, deposited by him in the defendant's bank, together with interest thereon from the first day of June, 1886, which it refuses to pay.

The defendant alleges in its answer, that on the 16th day of June, 1886, it paid for plaintiff a note of his, owned by Henry Burner, payable at its bank, in the sum of one hundred and ten dollars, out of the funds belonging to plaintiff as general depositor with said bank, and charged the same to plaintiff's account as a general depositor.

That on the 24th of July, 1886, plaintiff and defendant had an accounting and settlement of all accounts between them, and defendant returned to the plaintiff his checks and said note paid by defendant, charged in said account, and plaintiff ratified the payment of said note out of said funds as such general depositor, and never made any objection to said payment to the bank until the commencement of this action.

The burden of proof is upon the plaintiff. To entitle him to recover, he must satisfy you by a preponderance of the evidence of the truth of his claim.

The defendant admits it paid the said note out of the deposits of the

plaintiff in its bank, and claims it was authorized to do so, because the said note was made payable at People's National Bank of Newark, Ohio.

On this branch of the case, the burden of proof is upon the defendant, and it must satisfy you by a preponderance of the evidence of the truth of its claim.

The court instructs you that the note mentioned in the pleadings does not state upon its face that the same was payable at the People's National Bank *of Newark, Ohio,* but does state that the same was payable at the "People's N Bank."

If the defendant satisfies you by a preponderance of the evidence that the said note, executed by the plaintiff and presented to and paid by the defendant, was, in fact, intended by the maker when executed, and known and understood by the bank, to be payable at the People's National Bank *of Newark, Ohio,* the court instructs you the defendant was authorized, and had the right to pay the note when so presented to it for collection out of the deposits of the plaintiff in its bank, and charge the same as a credit on the account.

If you so find, your verdict will be for the defendant.

If you do not so find, your verdict will be for the plaintiff.

If you do not find by a preponderance of the evidence that the note was payable at the People's National Bank of Newark, Ohio, but do find, by a preponderance of the evidence, that, after the payment of the note by defendant, it notified the plaintiff that it had paid the same out of the amount of his deposits in the bank, and you find that the plaintiff had knowledge that the bank had so paid the same to him, and made no objection at the time or afterwards, and ratified the payment by assenting thereto, and accepted said note in settlement with the bank of his deposit account, the defendant is entitled to a verdict at your hands, and your verdict will be for the defendant.

But, if you find the plaintiff, when he was notified by the bank of the payment of said note by it, objected to the same, and refused to accept and ratify the payment by assenting thereto, and demanded payment by the defendant, to him, of the amount of said note, the plaintiff is entitled to recover, and your verdict will be for the plaintiff for the amount of said note at the time of such payment, with interest thereon from the date of such payment until the first day of this court—January 2, 1895.

The court instructs you that, whether or not the said note made by the plaintiff was, in fact, intended by him, when executed, and known and understood by the bank to be payable at the People's National Bank of Newark, Ohio, or, if not, whether or not the plaintiff ratified the payment of said note by the defendant, by assenting thereto, and whether or not the plaintiff demanded payment thereof by the bank to him, are each and all of them questions of fact exclusively to be determined by you from all the evidence in the case, under the instructions given as to the preponderance of evidence given in the case.

If you find for the plaintiff, your verdict will be for the plaintiff for the amount of said note, with interest thereon to the first day of this term, to-wit: January 2, 1895.

If you find for the defendant, your verdict will be: We find for the defendant.

Choose one of your number foreman; let your verdict be reduced to writing; signed by him and bring the same into court.

*Kibler & Kibler* and *S. L. James,* for plaintiff, cited: 1st Daniel on Neg. Instr., sec. 324 and sec. 326, *a* and *b,* and foot notes; 2 A. & E. E. of L. 102, and note 1 to page 101; *Wood* v. *Merchants' Savings Co.,* 41 Ill. 247; *Bank* v.

*Myer*, 20 S. W. Rep. 406; *Bank* v. *Bank*, 132 Mass 150; *Scott* v. *Shirk*, 60 Ind. 160; *Bank* v, *Hamilton*, 109 Ill. 479, 482; 50 Ohio St. 151.

*T. B. Fulton* and *J. M. Dennis*, on behalf of the Bank, cited: 1st Daniel on Neg. Instr., 299; 2 A. & E. E. of L. 328; 46 N. Y. 82; 80 N. Y. 106; 2 Lawson's Rights and Remedies, 950; 21 Amer. State Rep. 908; 49 Ohio St. 362.