## GORDON and Others *v.* MONTGOMERY.

Wherever it is necessary that any person should consent to the interposition of the defense of usury in any case, such consent can be given, and made effective, without such person being a party to the suit.

When a note, payable at a bank, contains in its body the words "protest, and notice of protest waived," such words include a waiver of demand also, and are operative against indorsers.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—This was an action by *James Montgomery*, indorsee, against *John Gordon* and two others, indorsers of a promissory note of the following tenor:

"$102.68.                NEW ALBANY, *Feb.* 15, 1861.

"One day after date, I promise to pay to the order of *Gordon, Castlen & Gordon*, protest, and notice of protest waived, one hundred and two dollars and sixty-eight cents, for value received, without any relief whatever from valuation, appraisement, or stay laws of *Indiana*, negotiable and payable at the office of the Ohio Insurance Company.

"U. G. DAMRON."

Indorsed, "*Gordon, Castlen & Gordon.*"

This note was payable at a bank. Of this fact the Court takes judicial notice, because the Ohio Insurance Company is made a bank of discount and deposit, by a public law. Local Laws, 1849, p. 439. See *Davis* v. *McAlpine*, 10 Ind. 137.

The defendants answered in two paragraphs. 1. The general denial, without verification. 2. A special paragraph, going to the consideration. A demurrer was sustained to this paragraph, and no exception taken. The case stood, therefore, upon the general denial of the complaint upon the note. On the trial, the only evidence given consisted of the note and the indorsements upon it.

The Court rendered judgment for the plaintiff.

The defendants asked, that the plaintiff be compelled to join the maker of the note as a party defendant, in order that he might consent to their setting up the defense of usury, but the Court refused the request. Even if this had been a case in which usury could have been pleaded, with the maker's consent, we do not think it was necessary, in order to his giving that consent, that he should be a party to the suit. His consent could have been placed of record without his being made a defendant. No evidence, it may be observed, was sought to be given of usury.

The only remaining question is: Whether the evidence made out the case? It certainly did, if the waiver of protest and notice, expressed in the note, included waiver of demand, and was operative against indorsers. We think such was its effect. It was inserted in the note for some purpose. The only purpose could be to waive protest and notice as to indorsers, for they were the only parties as to whom these acts were required, but for the waiver, to be performed. And, we think, the waiver of protest included the waiver of a demand. Such, we think, must have been the intention of the parties. There is high authority to this effect. *Coddington* v. *Davis,* 1 Com. (N. Y.) Rep. 186. *Wall* v. *Bry,* 1 Louis. Rep. 312. *Scott* v. *Green,* 10 Barr. 103. See Biles on Bills, Sharswood's ed., top p. 350, note.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*Thomas L. Smith* and *M. C. Kerr,* for the appellants.

*John S. Davis,* for the appellee.