LOWRY and Others *v.* STEELE.

BILL OF EXCHANGE.—WAIVER OF NOTICE OF NON-PAYMENT.—A waiver of notice of non-payment, contained in a bill of exchange, forms a part of the bill, and affects the contract of the indorser as well as of the drawer.

SAME.—CONCEALMENT.—An answer by an indorser to a suit upon a bill waiving notice of non-payment, alleging that the holder concealed the fact of non-payment, is bad, unless the facts constituting the fraudulent concealment are specially averred.

APPEAL from the *Vanderburg* Common Pleas.

GREGORY, J.—*George K. Steele*, president of the *First National Bank of Rockville, Indiana*, sued the appellants as indorsers of a bill of exchange, of which the following is a copy:

"EVANSVILLE, IND., *April* 14, 1865.

$4,000.

"Three months after date, pay to the order of *Lowry, Welborn & Sullivan*, at *First National Bank of Rockville, Ind.*, four thousand dollars, for value received, without relief from valuation or appraisement laws. Notices and protests of non-acceptance and non-payment waived. And charge to the account of

*A. G. Browning & Co.*"

"To *Wm. M. Aikman & Co.*
*Evansville, Ind.*"

The complaint avers the drawing of the bill by *Browning & Co.*, the acceptance by *Aikman & Co.*, the indorsement in blank by *Lowry, Welborn & Sullivan*, the delivery to *Umble*, and the indorsement and delivery by him, on the same day, to *Steele*, the plaintiff below. The complaint also contains an averment of a demand of payment at the proper time and place, and a refusal, but does not allege notice of dishonor to the appellants. The appellants demurred to the complaint for want of sufficient facts, but the court overruled

the demurrer, to which they excepted, and filed an answer in three paragraphs.

The substance of all these paragraphs of the answer is contained in the first, which is, in effect, as follows: That the appellants, who were the payees of the bill, took the same at its date from the drawers, in the usual course of business, and paid full value therefor; that at the maturity of the bill, the drawers and acceptors were solvent; that if appellants had been notified of the dishonor of the bill, at the time, or shortly after it occurred, they could have collected it from said acceptors or drawers; but that the appellee, who was the holder of the bill at maturity, neglected to notify the appellants of the dishonor of the bill, and concealed the fact of such dishonor from them for three months, (without, however, stating the circumstances of the concealment,) when the acceptors and drawers had become, and had since remained, insolvent, whereby appellants' recourse on them has been lost or rendered valueless. The court sustained a demurrer to each paragraph of the answer, to which the appellants excepted, and declining to answer over, judgment was rendered against them for the amount of the bill with interest.

The main question in the case in judgment is, does the waiver of notice of non-payment form a part of the bill? It is contended that it is only the waiver of the drawers, and that the indorsers are not affected by it. It is urged that the waiver is not embraced in the definition of a bill of exchange, and therefore cannot form any part of it. This position cannot be sustained. A promissory note or bill of exchange may contain stipulations other than those which are necessary to make the instrument one or the other. It is no part of a promissory note, as such, to waive the benefit of the valuation or appraisement laws, and yet a note with such a waiver is no less a note. It is not necessary to make an instrument a bill of exchange that it should waive notice of non-payment, yet such a waiver would not divest the instrument of its quality. There is an implied

contract in every bill of exchange, in the absence of an express agreement to the contrary, that the drawers and indorsers are not liable for the failure of the acceptor to pay at maturity, unless notified. But that implied contract may be changed by an express agreement. This bill contains such a waiver, in the body of the instrument. The indorsers indorsed it in full view of that fact. They adopted the waiver by their contract of indorsement. The assignment of the bill to the appellee vested in him all the rights of the payees, subject to its burdens and conditions. *Smith et al.* v. *Rogers et al.*, 14 Ind. 223.

In *Beagles* v. *Sefton*, 7 Ind. 496, this court held that in a suit by the assignee against the assignor of a note, made payable without relief from valuation laws, the judgment was rightly rendered without relief. Upon principle, we think this case is in point. The waiver of valuation laws was no more a part of the note in that case, than is the waiver of notice of dishonor a part of the bill in the case at bar. In *The President, &c.,* v. *Davis*, 19 Pick. 373, the waiver was a part of the indorsement, and not a part of the bill.

We think that the liability of the indorsers became fixed by the dishonor of the bill. See *Neal et al.* v. *Wood, et al.*, 23 Ind. 523.

But it is claimed that the answer set up a good defense. The notice was waived. The holder was not bound to speak, and his failure to do so cannot divest him of his rights, fixed by the dishonor. The concealment charged does not amount to a fraud. A party relying upon a fraud must aver the facts which constitute it.

FRAZER, J.—I yield to this decision only because I deem the question exactly similar to the one decided in *Beagles* v. *Sefton*, 7 Ind. 496. The doctrine of that case has ever since been adhered to in practice, and on the faith of it the whole people have ever since acted in their important business transactions, and it would be exceedingly mischievous

now to overrule it. Such waiver of notice as that before us is of recent origin, and affords some opportunity for imposition upon the ignorant and unwary, and on that account I regret that the courts of this State are not at liberty to limit its effect to the maker of the bill.

The judgment is affirmed, with costs, and one per cent. damages.

*A. Iglehart,* for appellants.

*J. G. Jones,* for appellee.

