[No. 3134.   Decided April 16, 1901.]

JACOB FURTH, *as Assignee of Guarantee Loan and Trust Company, Respondent,* v. D. N. BAXTER, *Defendant,* ANDREW HEMRICH *et al., Appellants.*

APPEAL — FINDINGS OF TRIAL COURT — CONCLUSIVENESS.

In cases tried by the lower court without a jury, where exceptions to the findings and conclusions have been duly taken and the facts have been brought to the supreme court by a certified bill of exceptions or statement of facts, it is the province of the supreme court to examine the facts *de novo* and determine the case by the record, under Bal. Code, § 6520, and hence, in cases of conflicting testimony, the findings of the trial court are not as conclusive as the verdict of a jury, although there may be substantial testimony supporting them.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Julius F. Hale,* for appellant Hemrich.

*Upton, Arthur & Wheeler,* for appellant Sheehan.

The opinion of the court was delivered by

ANDERS, J.—On February 10, 1894, a promissory note was executed in favor of the Guarantee Loan & Trust Company in the sum of $600, signed by D. N. Baxter and Andrew Hemrich, and indorsed on the back by defendant Sheehan. The note contained a waiver of presentment for payment, protest, and notice of protest for non-payment. The note was subsequently, to-wit, on May 25, 1896, assigned by the Guarantee Loan & Trust Company to plaintiff herein. Suit was begun on said note by plaintiff. Defendant Baxter defaulted. Defendant Hemrich filed a cross-complaint, alleging that he had signed the note with Baxter at the solicitation and for the sole benefit of defendant Sheehan, and asked that he be treated· as

an accommodation maker, and that any decree in favor
of plaintiff assignee should require exhaustion of the estate
of defendant Sheehan prior to any execution against him
(Hemrich). Defendant Sheehan, answering, alleged that
he was indorser of said note solely for the purpose of
identification, and had no other responsibility; and he de-
nied all of the allegations of the cross-complaint, and
asked judgment of dismissal. He alleged further that,
treating him as an ordinary indorser, he received no notice
of non-payment of the note, such as an indorser would be
entitled to, the waiver contained in the face of the note
going only to presentment for payment, protest, and notice
of protest for non-payment. Upon issues thus joined,
trial was had before the court, a jury being expressly
waived. The court found, in substance, that Baxter, Hem-
rich, and Sheehan were makers of the note so far as the
plaintiff was concerned. It found further that no part
thereof had been paid; that, when it was delivered to de-
fendant Sheehan, defendant Baxter was indebted to Shee-
han in a sum greater than $600, and that the note was
treated as a payment on said indebtedness, and that it was
understood that said note would be discounted by defend-
ant Sheehan. It found further that when the note was
signed by Baxter and Hemrich, defendants, it was *not*
the agreement between them and defendant Sheehan that
Hemrich should be liable to the payee of the note only as
surety for Sheehan. Upon these findings judgment was
given against these defendants, and each of them, jointly
and severally, for the full sum prayed in the complaint.
Hemrich appeals, assigning as error that the court should
have found that he signed said note as surety for Sheehan,
and that the property of the latter must be exhausted
before recourse could be had against him. Sheehan
appeals, assigning as error that the court should have

found that he was an indorser for identification only, and was not liable as a maker of the note at all, and that he should have received notice of non-payment.

There is a very considerable conflict in the testimony. It appears to be conceded by the respective counsel that the findings by the judge, a jury being waived, are equivalent to a verdict by a jury. Where a jury finds a verdict on the facts, this court will only weigh the evidence and testimony so far as to determine if there is any substantial testimony to support the verdict. But this rule is not applicable to the extent admitted by counsel in cases tried by the court without a jury, where exceptions to the findings and conclusions have been duly taken and the facts have been properly brought to this court by a certified bill of exceptions or statement of facts. In such cases this court will examine the facts *de novo* and determine the case by the record. Bal. Code, § 6520. The evidence on the part of defendant Hemrich tends to show that Hemrich signed the note at the request and for the sole benefit of defendant Sheehan, and that Sheehan indorsed the note as maker, and not solely for identification. The evidence on the part of defendant Sheehan tends to show that the note was made by Baxter and Hemrich as a payment on a debt due from Baxter to Sheehan, and that, at the request of the manager of the bank, the Guarantee Loan & Trust Company, he indorsed said note, and not as surety, but for purposes of identification. Upon the evidence we are not disposed to disturb the findings of the court on the questions of fact, as we are not satisfied that it erred in that regard.

Defendant Sheehan contends that he was entitled to notice of non-payment of the note. The finding of the lower court that Sheehan indorsed the note as a maker and principal disposes of this question. There was no need

of notice of non-payment as presentment for payment was waived.

Various errors in rulings of the court as to introduction of testimony are assigned by defendant Sheehan, but we are not convinced that he was prejudiced thereby, and the judgment is therefore affirmed.

REAVIS, C. J., and FULLERTON, J., concur.

DUNBAR, J., concurs in the result.