(77 South. 895)

No. 22771.

FRANK–TAYLOR–KENDRICK CO. v. VOISSEMENT et al.

In re ESTOPINAL.

(Jan. 28, 1918. Rehearing Denied Feb. 25, 1918.)

*(Syllabus by the Court.)*

BILLS AND NOTES ☞422(1) — "WAIVER OF PROTEST"—INDORSEMENT—STATUTE.

A waiver of protest, written on the face of a negotiable promissory note before the instrument was indorsed, is deemed to be a waiver on the part of an indorser, not only of a formal protest, but also of presentment and notice of dishonor.

[Ed. Note.—For other definitions, see Words and Phrases, Waiver of Protest.]

Certiorari to Court of Appeal, Parish of Orleans.

Action by the Frank-Taylor-Kendrick Company against Emile Voissement and Manuel Estopinal. From a judgment of the Court of Appeal, on appeal of defendant Estopinal, affirming a judgment of the district court in favor of the plaintiff, the defendant Estopinal brings certiorari. Judgment affirmed.

Nunez & Ahrens and Fred·A. Ahrens, all of St. Bernard, and Loys Charbonnet, of New Orleans, for applicant. L. Fred Andry, of New Orleans, for respondent.

O'NIELL, J. The only question presented for decision in this case is whether a waiver of protest, written on the face of a negotiable promissory note, is also a waiver, by an indorser, of notice of dishonor.

The notes sued on bore upon their face, at the time they were signed by Emile Voissement and indorsed by Manuel Estopinal, the expression, "Protest waived." They were not paid at maturity, and the indorser was not notified of their dishonor. He contends that his waiver of protest did not imply a waiver of notice of dishonor. The district court ruled against him, and the ruling was affirmed by the Court of Appeal. The case was brought before us on writs of certiorari and review because of the apparent conflict with the decision in Wisdom & Levy v. Bille, 120 La. 700, 45 South. 554. In that case it was said that a waiver of demand and protest was not a waiver of notice of dishonor. But the expression was not quite appropriate to the question then under consideration; was founded upon decisions antedating the Negotiable Instruments Law; made no reference to the statute; and was contrary to the provisions of Act No. 64 of 1904, viz.:

"Sec. 109. Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied.

"Sec. 110. Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an indorser, it binds him only.

"Sec. 111. A waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instrument, is deemed to be a waiver not only of a formal protest, but also of presentment and notice of dishonor."

The judgment of the Court of Appeal, affirming that of the civil district court, is correct.

The judgment is affirmed.