(April 26, 1922.)

## A. R. SCOTT, Appellant, v. F. B: SMITH, Respondent.

[206 Pac. 812.]

PROMISSORY NOTE—INDORSER'S WAIVER OF NOTICE—INDORSER'S LIABILITY SEVERAL—NONJOINDER OF MAKER AND INDORSER—EFFECT OF JUDGMENT—SUBROGATION OF INDORSER.

1. Where presentment for payment is ·waived in a promissory note, the indorser is not entitled to notice of nonpayment.

2. The liability of an indorser upon a promissory note is several; and under the provisions of C. S., sec. 6650, the note not having been paid when due, the holder may bring action against the maker without joining the indorser as a party defendant.

3. A judgment in favor of a holder by indorsement of a promissory note against the maker, without actual satisfaction thereof, is no extinguishment of liability as between such holder and an indorser not jointly liable with the original maker.

4. The indorser of a promissory note, upon paying a judgment recovered against himself by the indorsee, is entitled to be subrogated in equity to all the rights of the indorsee against the maker.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

·Action by indorsee against indorser of promissory note. Judgment for defendant. *Reversed* and *remanded.*

Oppenheim & Lampert and Jay M. Parrish, for Appellant.

Where presentment for payment is waived in a note, the indorser is not entitled to notice of nonpayment. (*Furth v. Baxter,* 24 Wash. 608, 64 Pac. 798; *Phillips v. Dippa,* 93 Iowa, 35, 57 Am. St. 254, 61 N. W. 216.)

Where the indorsee of a note sues the makers thereon without joining the indorser as a defendant, as he may do

Publisher's Note.

3. Judgment against less than all parties to contract as bar to action against others, see notes in 2 Am. St. 876; 1 A. L. R. 1601; 3 A. L. R. 124.

under Civil Code, sec. 13, there is no authority for making such indorser a party at the instance of the defendant. (*Cooper v. German Nat. Bank of Denver,* 9 Colo. App. 169, 47 Pac. 1041.)

Recovery of a judgment against the makers of a promissory note does not discharge the indorser unless the judgment is satisfied. (23 Cyc. 1210; 8 Corp. Juris, sec. 862, p. 621; *Petri v. Manny,* 99 Wash. 601, 170 Pac. 127, 1 A. L. R. 1595, note at page 1625; *Hitchcock v. Frackelton,* 116 Mich. 487, 74 N. W. 720; *Melander v. Western Natl. Bank,* 21 Cal. App. 462, 132 Pac. 265.)

A. L. Anderson, for Respondent.

Appellant by his election of remedies permitted both causes of action and all rights of action on each to become merged in the one indivisible judgment. (23 Cyc. 1108.)

All the peculiar qualities of both claims became merged in that judgment and the question of the liability of respondent as indorser on said note was conclusively settled by the judgment so entered. (23 Cyc. 1215.)

"While the holder of a note may enforce collection from either the maker or indorser, or both, he must take care not to impair the remedy of the indorser against the maker, for, to the extent that he destroys the indorser's claim against the maker, he releases his claim against the indorser." (*Shutts v. Fingar,* 100 N. Y. 539, 53 Am. Rep. 231, 3 N. E. 588; *Pitts v. Congdon,* 2 N. Y. 352, 51 Am. Dec. 299; *Brown v. Williams,* 4 Wend. (N. Y.) 360; Joyce, Defenses to Commercial Paper, sec. 702, p. 856.)

The appellant by bringing one action on the two debts against Zollers in Colorado, and the Zollers permitting a judgment by default against them to be entered, consummated a novation in respect to both debts, without the approval of respondent, and thereby released him from liability as indorser on the note. (*Frost v. Harbert,* 20 Ida. 336, 118 Pac. 1095, 38 L. R. A., N. S., 875; *Spies v. National City Bank,* 174 N. Y. 222, 66 N. E. 736, 61 L. R. A. 193; affirming 74 N. Y. Supp. 64, 68 App. Div. 70.)

BUDGE, J.—This is an action against an indorser upon a promissory note.

From the record it appears that on May 27, 1915, Jacob Zoller and Eva Zoller made, executed and delivered to respondent at Berthoud, Colorado, their certain promissory note for $250, bearing interest at eight per cent and due one year after date; that about July 23, 1915, appellant purchased the note from respondent and the latter indorsed and delivered the same to him, and he has since been the owner and holder thereof; that on May 27, 1916, the note was duly presented and demand made for payment, which was refused. It is alleged in the complaint and denied in the answer that respondent was duly notified of the nonpayment of the note. It further appears that on October 16, 1917, appellant brought an action in Larimer county, Colorado, against the Zollers to recover not only upon the note here involved but also for $100 for certain professional services rendered them, in which judgment was rendered in favor of appellant on November 17, 1917, for $445.14 and costs, no part of which has ever been paid.

This cause was tried to the court without a jury. From a judgment in favor of respondent, this appeal is taken.

While appellant makes several assignments of error, there are but two questions presented which we deem important.

First, was respondent entitled to notice of the nonpayment of the note? The note, *inter alia*, provides that "Presentment for payment and notice of dishonor for nonpayment, also protest and notice of protest are hereby expressly waived by all parties to this note." Under this waiver, it is clear that notice of nonpayment to respondent was not required.

"One who, in blank, indorses a note is bound by a waiver of presentation, protest and notice of nonpayment contained in the body of the note." (*Phillips v. Dippo,* 93 Iowa, 35, 57 Am. St. 254, 61 N. W. 216. See, also, *Furth v. Baxter,* 24 Wash. 608, 64 Pac. 798, and *Clark v. Sallaska* (Okl.), 174 Pac. 505, 4 L. R. A. 746.)

Second, does a judgment upon a promissory note against the makers thereof, which includes an item for personal services rendered the makers of said instrument by the owner and holder thereof, bar an action by such owner and holder against an indorser of the note so long as no part of the judgment against the makers is paid?.

C. S., sec. 6650, which is substantially the same as Rev. Stats. (Colo.) 1908, Code Civ. Proc., sec. 13, provides that: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes and sureties on the same or separate instruments, may all or any of them be included in the same action, at the option of the plaintiff."

The liability of an indorser upon a promissory note is clearly several (*Hough v. State Bank of New Smyrna,* 61 Fla. 290, Ann. Cas. 1912D, 1200, and note, 55 So. 462, and appellant was entitled to proceed against the makers without joining an indorser as a party defendant. While a judgment upon a promissory note merges it therein so that the owner of the judgment may not maintain an action against the judgment debtor upon it, it still remains competent evidence of the existence of the debt in all other actions. (*Harrison v. Remington Paper Co.,* 140 Fed. 385, 5 Ann. Cas. 314, 72 C. C. A. 405, 3 L. R. A., N. S., 954.) The judgment alone, without actual satisfaction, is no extinguishment of liability as between the plaintiff and other parties not jointly liable with the original defendants. (Eaton & Gilbert, Commercial Paper, p. 543; *Petri v. Manny,* 99 Wash. 601, 170 Pac. 127, 1 A. L. R. 1595, and note at p. 1601; *Rice v. Groff,* 58 Pa. 116; *Morrison v. Fishel,* 64 Ind. 177; *Melander v. Western Nat. Bank,* 21 Cal. App. 462, 132 Pac. 265.)

Respondent urges, however, that by obtaining one judgment against the Zollers covering both the note and for certain professional services, appellant has impaired the right of respondent against the Zollers, in that there is no judgment covering the note alone to which respondent may be subrogated.

Regardless of whether respondent may be entitled to be subrogated to the Colorado judgment against the Zollers for the amount which might be recovered against him in this action, it is difficult to see wherein his rights against the makers of the note have been impaired. His situation is no worse than it would be had appellant brought an action against him in the first instance, as he had a right to do, or if no action had ever been instituted by appellant against the Zollers. His rights against the makers of the notes are in no wise impaired.

Neither do we think he is without his remedy. Where justice requires, judgment against the makers will be kept alive for the benefit of the indorser who had paid the demand, and he is entitled to be subrogated to that part of the judgment for which he became liable by reason of his indorsement and may have the judgment assigned to himself in a proper proceeding. (37 Cyc. 419.)

In the case of *Lyon v. Bolling,* 9 Ala. 463, 44 Am. Dec. 444, in the course of that opinion the court says: "Upon the payment of the judgment by the indorser, the maker would not be entitled to receive the note; that, according to our practice, would remain in the files of the court rendering the judgment, subject to be withdrawn by leave of the court by one who proposes to use it for a legitimate purpose,"—the inference being that an indorser may withdraw the note and bring suit thereon against the original maker.

In any event, an indorser has a right, upon paying a judgment recovered by the indorsee against himself or the makers of a note upon which he became liable as an indorser, to be subrogated in equity to all rights of the indorsee against the makers.

From what has been said it follows that the judgment should be reversed and the cause remanded for further proceedings in accordance with the views herein expressed. It is so ordered. Costs are awarded to appellant.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.