## FARMERS & MERCHANTS STATE BANK, Appellant, v. H. E. BEHRENS MANUFACTURING COMPANY, Respondent.

(198 N. W. 467.)

**Principal and agent — ratification by principal of agent's transfer of note held a jury question.**

1. In an action upon a promissory note where defendant's agent transferred without authority a note and where defendant received and appropriated the proceeds thereof and, after acquiring knowledge of its agent's unauthorized act, retained such proceeds and recognized the note by its acts and declarations, it is held, for reasons stated in the opinion, that the trial court erred in not submitting the issue of ratification to the jury.

**Bills and notes — waiver in body of note that drawer waives presentment, notice, notice of protest, and nonpayment does not include indorser.**

2. A waiver in the body of a note to the effect that the drawer waives presentment for payment, protest, notice of protest and nonpayment does not include the endorser upon the note.

**Bills and notes — implied waiver of notice of dishonor held for jury.**

3. In such action where defendant, after maturity of the note, agreed to make or sign a new note in lieu of the note transferred without authority, it is held, that the question of an implied waiver of notice of dishonor was for the jury.

Opinion filed April 4, 1924.

Agency, 2 C. J. § 118 p. 499 n. 95.   Bills and Notes, 8 C. J. § 977 p. 696 n. 63;
§ 1393 p. 1071 n. 80.

In District Court, Cass County, *Cooley, J.*

Action upon a promissory note.

Plaintiff has appealed from a judgment of dismissal.

Judgment reversed and new trial granted.

*Divet, Holt, Frame, & Thorp* and *D. R. Divet,* for appellant.

"There is no presumption that an agent with authority to sell and accept payment for his principal is authorized to receive in payment notes of which he is the maker, nor can he be presumed to have authority to accept the notes of third persons in payment of the purchase money due his principal.   One who purchases property of an agent and attempts to prove payment by methods so extraordinary as that claimed by the defendant is bound to show affirmatively that the agent had authority to receive payment in the manner claimed.   The defendant obtained the title to the plaintiff's property, as he asserts, through a contract made with her husband, to whom he also claims to have made payment.   To the extent that he has paid for it otherwise than with money, he has made no payment at all, and the plaintiff is entitled upon the defendant's theory of the case to affirm the contract and recover the purchase price."   Runyon v. Snell (Iowa) 18 N. W. 522.

Where an agent is authorized to sell property, he must sell for money unless otherwise specifically instructed.   Brown v. Smith, 67 N. C. 245.

Where an agent has authority to sell for cash only, he cannot take payment in notes either to himself or his principal.   Galbraith v. Weber, 58 Wash. 132, 107 Pac. 1050.

31 Cyc. 1257; Pollock v. Ganwt, 69 Ala. 373, 44 Am. Rep. 519; Lynch v. Synth (Colo.) 54 Pac. 634; Henderson v. Beatty (Iowa) 99 N. W. 716; Smith v. Fletcher (Minn.) 77 N. W. 800; Hyatt v. Clark, 118 N. Y. 563; Platt v. Schmitt (Wis.) 94 N. W. 345; Foster v. Rockwell, 104 Mass. 167.

The question as to what constitutes a waiver is for the jury.   Rickets v. Toulmin, 7 L. J. 108; Union Bank v. Magruder, 7 Pet. 287, 8 L.R.A. 687; Carmichael v. Bank, 4 Howe (Miss.) 567, 35 Am. Dec. 408; Glendening v. Canary, 5 Daly, 489; Linthicum v. Baheby (Md.)

102 Atl. 997; Burgottstown Nat. Bank v. Nill, 213 Pa. 456, 63 Atl. 186; Delleman v. Friedlander (Or.) 66 Pac. 297; Bank of Gilby v. Farnsworth, 7 N. D. 17.

"A promise by the indorser under like circumstances to give a new note for the amount claimed would also be an admission and waiver although he afterwards refused to give the new note."

"The third request that a promise to renew the note did not amount to admission of liability was properly refused. It certainly amounted to a promise to take up the note in suit by giving another, and that certainly was just as much an admission of liability as a promise to take up the note by paying it in money, or giving a draft on a factor would be." Fell v. Dial, 14 S. C. 247.

"If the paper were a note and the defendant were an indorser thereon, his indorsing upon a duplicate would be strong, perhaps conclusive evidence, that he intended thereby to admit his liability, although he had been discharged."

"It must be kept in mind that it does not take a contract to reinstate an extinguished liability of this character. No new consideration is necessary; no agreement on the part of the other party (the creditor) is essential. All that is necessary is that the drawer should manifest a purpose to be bound notwithstanding the fact that the holder has failed to charge him as a drawer." Bank of Gilby v. Farnsworth, 7 N. D. 6.

"One cannot accept the benefits of a transaction and repudiate its obligations, and although it is true that a ratification may be avoided by the showing that it was made without knowledge of the material facts, the burden of showing such knowledge or lack of knowledge" is on the person asserting that he has not ratified. Fleming v. Sherwood, 24 N. D. 144.

*A. R. Bergeson,* for respondent.

It is a universally accepted rule of law that in order to ratify the unauthorized act of an agent, the principal must have knowledge of the material facts *at the time of ratification.* 2 C. J. p. 476, ¶ 93. See Foote v. Gotting (Mass.) 15 L.R.A.(N.S.) 693 and note.

"There is no ratification if, at the time it becomes known that the agent exceeded his authority, the principal has put it beyond his power to return or restore the benefits received, or if without his

fault conditions are such that he cannot be placed in statu quo or repudiate the entire transaction without loss." 2 C. J. p. 496, ¶ 116, and especially that portion thereof headed "Limitations of Rule," and the cases cited under notes 75 and 76.

Shares of stock in a corporation are quasi-negotiable in their nature. They are almost as convertible as negotiable instruments.    14 C. J. 665.

In order that a conditional promise shall constitute ratification of the unauthorized acts of an agent, such condition must be accepted or complied with.  See Riley v. Grant (S. D.) 94 N. W. 427.

An indorsement of a promissory note creates no liability of itself, and the indorser is not liable until presentment to the maker and due notice of dishonor to the indorser.  Farquhar Co. v. Highan, 16 N. D. 106; Sawyer State Bank v. Sutherland, 36 N. D. 493.

Statement.

BRONSON, Ch. J.   The cause of action is upon a promissory note. The facts are:  Plaintiff is a banking corporation located at Steele, N. D.   Defendant is a corporation engaged in mill work at Fargo, North Dakota.   Defendant had a contract with Cowan & Company, a corporation, to sell some of its stock.   This Cowan & Company had sold for defendant some of its stock in 1917.   Then defendant had furnished to it some blank note forms with defendant's name therein as payee and had argeed to accept notes in payment of stock sold.   In 1920 defendant made another agreement with this Cowan & Company to sell an issue of stock by defendant for the amount of $10,000.   On this issue of stock the specific instructions to this Cowan & Company were that defendant would accept cash, liberty bonds, or certificates of deposit in exchange for stock but would not accept notes.   Accordingly, in 1920, one Cowan of this Cowan & Company sold five shares of defendant's stock to one Swett at $115 per share.   Swett gave to Cowan a note made on defendant's form of note, dated September 13th, 1920, for $575, due four months after date, payable to the order of defendant with interest at 8 per cent.   The note on its face bore this printed statement,—"The drawer waives presentment for payment, protest, notice of protest, and non-payment of this note."   Cowan negotiated this note to plain-

tiff. He endorsed the note, "H. E. Behrens Mfg. Co. by William M. Cowan, Agent." Therefore, plaintiff issued its certificate of deposit dated September 17th, 1920, payable to defendant on January 17th, 1921, for $563.50 with interest at 6 per cent from date. The bank delivered the certificate of deposit to Cowan in exchange for such note. Defendant received this certificate of deposit about September 18th, or 19th, 1920. When it received such certificate it knew that Cowan had sold stock to Swett. Defendant sent this certificate of deposit to the Security National Bank of Fargo, which bank, on September 20th, 1920, bought this certificate and gave defendant credit for the same. About October 1st, 1920, defendant issued its stock, five shares, to Swett. For this stock, defendant received out of the proceeds of the certificate of deposit $475; the balance, representing commission, was paid to Cowan. The note of Swett fell due on January 13th, 1921. On January 8th, 1921, in response to a letter from plaintiff to defendant (not appearing in the record) it, by letter, advised plaintiff that the certificate of deposit for the Swett note had been sold to the Security National Bank at Fargo; that it had taken the matter up with such bank and suggested that plaintiff communicate with such bank direct. Plaintiff's president testified that he made demand upon Swett for payment of the note and gave notice of dishonor to defendant. No other proof was afforded of the fact of such notice of dishonor. On January 19th, 1921, the Security National Bank of Fargo sent the certificate of deposit through banking channels and collected the same from plaintiff. Defendant's treasurer testified that when defendant received the letter from plaintiff concerning the Swett note the money for the certificate of deposit sold was in its general fund in the bank to which such certificate was sold; that such money may or may not have been used in the general fund. Otherwise, he testified that after learning about this transaction in regard to the notes sold to plaintiff, defendant did not offer to return the proceeds of the certificate and still had such proceeds. Plaintiff's president also testified that after the note became due in February, 1921, defendant, through its treasurer, agreed and promised to give for this Swett note a new note signed by defendant, as maker, payable the following fall; that he sent such a note to the Security National Bank at Fargo for defendant's execution but it was not signed. In this regard, defendant's treasurer

testified that he agreed to endorse a new note, if signed by the maker, simply as an accommodation to the bank. He also testified that defendant had paid to Swett $75 dividends on the stock issued. On January 7th, 1922, Swett paid $75 on the note. On Jan. 19th, 1922, this action was instituted on the note against defendant as endorser. Upon the first trial, in December, 1922, a verdict was returned in plaintiff's favor and judgment thereafter entered thereupon. Subsequently, the trial court, upon motion made, granted a new trial. Upon the second trial, the trial court at the conclusion of the evidence, granted defendant's motion for dismissal upon the ground that there was not sufficient evidence to show either actual or ostensible authority by the agent Cowan to endorse the note; or, to show ratification by defendant of Cowan's unauthorized act. From the judgment of dismissal entered upon this motion plaintiff has appealed.

## Opinion.

It is conceded that defendant's agent possessed no authority to transfer the note by indorsement to the bank. The contention, however, is made that the trial court erred in not submitting to the jury the issues of ratification and waiver of notice of dishonor. The note was payable to defendant. If any ownership thereof vested, it vested in the defendant. The unauthorized transfer of the note to the bank gave to it no title. Whenever defendant acquired knowledge of the facts, it was then within its power to reclaim or to repudiate the note. Defendant, as it claims, received the proceeds of the note through the certificate of deposit without knowledge of the facts concerning the transfer of the note: But, before the note became due and before the certificate of deposit matured and while defendant had the proceeds of such note under its control, it did acquire knowledge concerning this note and its transfer. It then sought neither to claim nor to repudiate the note. It continued to retain the proceeds of the note; it recognized plaintiff's right to the note and to its collection by offering to make or to send a new note in lieu thereof. The fact that stock had been issued to the maker of the note and that defendant's agent had received some commission for the sale of this stock did not, as a matter of law, prohibit a finding of ratification. Defendant's acts after knowledge, neither

recognized nor proclaimed any prejudice resulting through the unauthorized transfer. The note made by Swett was not a payment for the stock issued. Comp. Laws, 1913, § 4529. See also Lavell v. Bullock, 43 N. D. 135, 174 N. W. 764. Defendant as owner of the note might have cancelled the stock issued. We are of the opinion that the record presents sufficient facts for the consideration of a jury upon the question of ratification by defendant. See Fleming v. Sherwood, 24 N. D. 144, 151, 43 L.R.A.(N.S.) 945, 139 N. W. 101; Martinson v. Kershner, 32 N. D. 46, 56, 155 N. W. 37; 2 C. J. 476, 489.

We are of the opinion that the printed waiver in the body of the note did not extend to the defendant as indorser. As an express waiver it applied only to the drawer who, manifestly, could be none other than the maker. 8 C. J. 701. See § 110, Uniform Neg. Inst. Act. Concerning the question of an implied waiver of notice of dishonor, we are of the opinion that the facts in the record were sufficient for the consideration of the jury. Upon the record the testimony to the effect that defendant, at the maturity of the note, recognized the same as a liability by agreeing to make a new note in place thereof or even to endorse another note in place thereof, was sufficient to support a finding of the jury of an implied waiver of notice of dishonor. See § 109, Uniform Neg. Inst. Act; 5 Thompson, Uniform Laws Anno. pp. 391, 395, and cases cited; Bank of Gilby. v. Farnsworth, 7 N. D. 6, 38 L.R.A. 843, 72 N. W. 901.

The judgment is reversed and a new trial granted.

JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur..

BIRDZELL, J., not participating.