APPLETON & ELDREDGE, INCORPORATED, A NEW YORK CORPORATION, PLAINTIFF-RESPONDENT, v. CHARLES McCARTHY AND GASSNER & ACKERLY MOTORS, INCORPORATED, DEFENDANTS-APPELLANTS.

Submitted January 26, 1927—Decided June 27, 1927.

**Negotiable Instruments—Endorsements—Waivers of Notices, &c.—Note Contained Waiver of Notice of Protest—Held, That Under Negotiable Instruments Act, Where Waiver is Embodied in Note Itself, it Binds All Parties Including Endorsers.**

On appeal from a judgment of the District Court of the First Judicial District of the county of Essex.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Philip Goodell.*

For the respondent, *Samuel Heller* and *Jack H. Rinzler.*

PER CURIAM.

This is an appeal from a judgment rendered by the District Court for the First Judicial District of the county of Essex in favor of the plaintiff. The appeal is taken by one of the two defendants below, Gassner & Ackerly Motors, Incorporated (hereinafter called the appellant). The action was upon a promissory note given in the purchase of an automobile. The appellant was the vendor. Charles McCarthy, the other defendant, was the purchaser. The note read as follows:

"August 10, 1925.

"For value received and without defalcation, the undersigned promises to pay to the order of the undersigned, at Appleton & Eldredge, Inc., Agent, 67 Wall St., New York [location], the sum of $225 Two Hundred and Twenty-five 00/100 Dollars in installments as set forth in the schedule

below, with interest at 6% per annum from dates of maturity only. In event of default in the payment of any of said installments the full amount then remaining unpaid, with interest thereon at the above rate from date of such default, shall be at the election of the holder and without notice or demand immediately become due and payable. The undersigned hereby waives presentment, protest, notice of protest and all benefits of valuation and exemption laws of any state. This note is negotiable and is evidence of the obligation of the undersigned under a contract of conditional sale bearing even date herewith between the undersigned as buyer and Gassner and Ackerly Motors, Inc.

> *Dealer's name*
>
> "Buyer CHARLES McCARTHY. L. S.
> "By
> "*Owner, officer or firm member.*

"It was endorsed as follows:

> "CHARLES McCARTHY,
> "GASSNER & ACKERLY MOTORS, INC.
> "By W. T. ACKERLY, *Pres.*"

The agreement of conditional sale was assigned to the appellant. The note was delivered to the appellant who transferred it to the Economy Finance Company. It afterwards came into the hands of the plaintiff.

The first payment was due on September 10th, 1925. It was not paid. McCarthy subsequently left the automobile on the premises of the appellant, stating that he could not pay the installments. In January, 1926, payment of the entire note was demanded of the appellant by the plaintiff. The appellant stated that it would not pay the note because it had not been protested, and no formal presentment, protest or notice of protest was made until February 10th, 1926. There was then mailed and received on February 12th, 1926, by the appellant a notice of protest which does not appear to have been made a part of the record.

The position taken by the court below, although no written opinion was filed, was that the provision in the note reading:

"The undersigned hereby waives presentment, protest, notice of protest and all benefits of valuation and exemption laws of any state," applied to the appellant as well as to McCarthy. It was further contended that the appellant signed the note as maker, while the appellant appears to have signed the note, yet, the space which was filled in by the appellant's signature merely finishes the sentence reading: "This note is negotiable and is evidence of the obligation of the undersigned under a contract of conditional sale bearing even date herewith between the undersigned as buyer and Gassner & Ackerly Motors, Inc." We are not, therefore, inclined to hold that the appellant is a co-maker with McCarthy of the note.

We are, however, of the opinion that the case was properly decided in the District Court. Section 110 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3747) provides that: "Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an endorser it binds him only." The waiver in the note sued on was embodied in the instrument itself. It therefore follows that the appellant was liable as an endorser on the note. *Craw. Neg. Ins. L.* 100; *Owensboro Savings Bank* v. *Haynes,* 143 *Ky.* 534.

This view makes it unnecessary to consider the other points argued by the appellant. The judgment below is affirmed, with costs.