BRATTEN, ADMR., APPELLANT, *v.* McKELVEY; HAYS, APPELLEE.

(Decided February 27, 1939.)

*Messrs. Newcomer & Parker,* for appellant.
*Messrs. Gebhard & Maxwell,* for appellee.

CARPENTER, J. · This was an action on a promissory note and to foreclose a mortgage securing it. The plaintiff, appellant here, was the administrator of the holder of the note; the defendant, Stephen B. McKelvey, was the sole maker and the defendant, Robert P. Hays, appellee here, was the payee and endorser in blank of the note to plaintiff's decedent. Hays demurred to the amended petition, the demurrer was sustained and final judgment for Hays was entered. From this action this appeal on questions of law was taken by plaintiff.

The ground of the demurrer was that the amended petition did not state a cause of action. In support of it, it is urged that because the petition does not allege presentment and notice to Hays of dishonor, he was

thereby discharged from any liability as an endorser of the note.

The petition contains a copy of the note, the material parts of which are as follows:

"Five years after date, for value received, we or either of us, as principal debtors, jointly and severally promise to pay to Robert P. Hays, or order * * *.

"And we hereby waive protest, demand and notice of nonpayment * * *."

It is also alleged that "said note is endorsed on the back thereof by Robert P. Hays."

The question thus presented is: Does the provision in the note, "and we hereby waive protest, demand and notice of nonpayment," operate as a waiver by the endorser of notice of dishonor? If the answer is "No," the demurrer was properly sustained; if it is "Yes," the sustaining of the demurrer was prejudicial error and requires reversal of the judgment. No reported Ohio decision gives consideration to this specific question.

Section 8215, General Code, which is Section 110 of the Uniform Negotiable Instruments Law (hereinafter referred to as N. I. L.) speaking of notice of dishonor, says:

"When the waiver is embodied in the instrument itself it is binding upon all parties; but when it is written above the signature of an endorser, it binds him only."

It is contended by Hays that the expression in the note "we hereby waive" binds only the maker, McKelvey, and if it were intended to apply to endorsers, it should have expressly said so. It is conceded by Hays that if the word "endorsers" had been included in this waiver, it would have applied to him. The cases that so hold are legion, and none of them will be cited or discussed herein.

The first part of Section 110, N. I. L., is a declaration of the "law merchant" as applied in the states

before the adoption of the N. I. L., and notice of dishonor to an endorser of a note containing such waiver on its face was not required to hold him liable on the note. The reason for so holding can be no better expressed than was done in an early Indiana leading case, *Gordon* v. *Montgomery* (1862), 19 Ind., 110, wherein the note said: "I promise to pay to the order of Gordon, Castlen & Gordon, protest, and notice of protest waived * * *." The court said that "the waiver of protest and notice, expressed in the note, included waiver of demand, and was operative against indorsers. We think such was its effect. It was inserted in the note for some purpose. The only purpose could be to waive protest and notice as to indorsers, for they were the only parties as to whom these acts were required, but for the waiver, to be performed. And, we think, the waiver of protest included the waiver of a demand. Such, we think, must have been the intention of the parties."

In that state this principle was first recognized in *Beagles* v. *Sefton* (1856), 7 Ind., 496, and was followed in *Lowry* v. *Steele* (1866), 27 Ind., 168.

These Indiana cases were cited and followed in *Bryant* v. *Lord,* 19 Minn., 396, 406.

In *Woodward* v. *Lowry* (1884), 74 Ga., 148, the note started with "* * * I promise to pay" and later, "Each of us * * * and each further waives demand, protest or notice of demand, protest and nonpayment." Of this, the court said:

"We are of the opinion that the endorser, who is the payee, and whose endorsement is essential to give negotiability to the paper, does, by virtue of such endorsement, become bound by all the terms and stipulations mentioned and set forth in the contract endorsed by him; that waiver of demand and protest, by the terms of this note, is waiver of demand and protest by

such endorser; that he makes this waiver by the maker or drawer of this note his own waiver by his act of endorsement; it is his contract with the endorsee."

Likewise, the Kentucky court followed *Lowry* v. *Steele, supra,* in *Bryant* v. *Merchants Bank of Kentucky,* 71 Ky. (8 Bush.), 43, where the bill contained the words "presentation and protest waived."

In *Smith* v. *Pickham,* 8 Tex. Civ. App., 326, 28 S. W., 565, the note said "two years after date, waiving grace and protest, we or either of us * * *." Of this the court said:

"The waiver of protest embodied in the note must be held to be a waiver not only by the signers of the note, but by the endorser thereof. * * *

"By this, therefore, the indorser waives the taking of any and all steps which might have been otherwise necessary to fix his liability."

Another early, oft-cited case is *Shaw Bros.* v. *McNeill* (1886), 95 N. C., 535, in which across the end of the face of a sight draft was printed the words "no protest." The drawee endorsed it to plaintiff. Notice of dishonor was not given the endorser. What the court said about these words has equal point as to words of waiver in the note at bar:

"The words 'no protest' written on the margin of this draft, must have been put there with an object, and we can conceive of none other than to dispense with the notice of presentment and refusal to pay, otherwise it is unmeaning."

The drawee-endorser was held liable.

This case was followed in *Rasberry* v. *West,* 205 N. C., 406, 171 S. E., 350, where the note was in similar form, and both cases were followed in *Pearson* v. *Westbrook,* 206 N. C., 910, 174 S. E., 291. The N. I. L. was not in effect in North Carolina when *Shaw* v. *McNeill, supra,* was decided, but was when the latter two

opinions were written, although it is not cited in either of them.

Then came the later cases, applying Section 110, N. I. L., as follows:

In *Appleton & Eldredge, Inc.,* v. *McCarthy,* 5 N. J. Misc., 682, 138 A., 111, the Supreme Court had before it a note with this in the body of it: ''The undersigned hereby waives presentment, protest, notice of protest * * *.'' Applying Section 110, N. I. L., the endorser was held without notice of dishonor. This was affirmed without opinion by the Court of Errors and Appeals, 104 N. J. Law., 431, 140 A., 918.

In *Frank-Taylor-Kendrick Co.* v. *Voissement,* 142 La., 973, 77 So., 895, the face of the note bore the expression ''protest waived'' and it was held that under Section 111, N. I. L., such waiver included waiver of ''presentment and notice of dishonor,'' and under Section 110 it bound the endorser.

In *Mallory* v. *Dairy Products Co.,* 25 Ala. App., 442, 148 So., 864, the form started with ''we'' which was carried through the whole note and the last clause was ''and each further waives demand, protest and notice of demand, protest and nonpayment.'' The uniform act was in effect in Alabama and Section 110 was quoted as authority for not requiring notice of dishonor to hold the endorser.

In *Scott* v. *Smith,* 35 Idaho, 388, 206 P., 812, the form in the body of the note was ''presentment for payment and notice of dishonor for nonpayment, also protest and notice of protest are hereby expressly waived by all parties to this note.'' Notice of dishonor to the endorser was not required, and he was held.

In *Aetna Inv. Co.* v. *Chandler Landscape & Floral Co.,* 227 Mo. App., 17, 50 S. W. (2d), 195, the draft contained this language: ''And with waiver of pay-

ment, protest, notice of protest and nonpayment.''
Section 110 was quoted and applied to hold endorser
without notice.

In *Furth* v. *Baxter,* 24 Wash., 608, 64 P., 798, the
court said:

''The note contained a waiver of presentment for
payment, protest, and notice of protest for nonpay-
ment. * * * There was no need of notice of nonpay-
ment as presentment for payment was waived.''

But one case was found which seems to be at variance
with this almost unanimous line of authorities. It is
*Farmers & Merchants State Bank* v. *Behrens,* 50 N. D.,
850, 198 N. W., 467, in which the note on its face said:
''The drawer waives presentment for payment, pro-
test, notice of protest, and nonpayment of this note.''
It was said that this applied only to the maker and the
payee-endorser, not having had notice of dishonor,
was discharged.

It is also mildly urged that because the petition
does not state, as an express allegation of the pleader,
that the defendant Hays waived notice of dishonor, it
is defective. This is based upon the last sentence of
Section 11334, General Code, which section provides
for the short form of pleading by setting forth a copy
of the instrument sued on when the cause of action is
founded upon ''an instrument for the unconditional
payment of money only.'' That sentence is: ''When
others than the makers of a promissory note * * *
are parties, the facts which fix their liability also must
be stated.'' When the copy of the instrument incor-
porated in the petition by its terms shows the waiver
of the endorser, as this note does, and it is expressly
alleged that Hays endorsed it in blank, ''the facts
which fix their [his] liability'' are stated. *Preece* v.
*Burns' Admr.,* 258 Ky., 839, 81 S. W. (2d), 881.

Reason and authority requiring it, the judgment is
reversed and the cause is remanded to the lower court

with directions to overrule the demurrer to the petition.

*Judgment reversed and cause remanded.*

OVERMYER, J., concurs.
LLOYD, J., not participating.