**DELTA METALS, INC., Appellant,**

v.

**ALFIN MANUFACTURING CO. et al.,**
**Appellees.**

No. 15752.

Court of Civil Appeals of Texas.

Dallas.

Dec. 30, 1960.

Rehearing Denied Feb. 10, 1961.

Eldridge, Goggans, Davidson & Silverberg and M. Sims Davidson, Dallas, for appellant.

Weinberg & Sandoloski, Dallas, for appellees.

THOMAS, Justice.

This is a suit against the maker and the two indorsers on a promissory note. It involves the sufficiency of the waiver of presentment for payment, notice of nonpayment, protest and notice of protest and diligence in bringing suit embodied in the note itself to bind the indorsers under Sec. 110 of the Uniform Negotiable Instruments Act (Art. 5938, Vernon's Ann.Civ. St.).

Appellant Delta Metals, Inc., holder and owner of the note, brought suit against the maker, Alfin Manufacturing Company, and the two indorsers, S. F. Held, and Mrs. Manuel Bloom, a feme sole. Judgment by default was rendered against the maker. It did not appeal. However, judgment was rendered that the plaintiff take nothing against the two indorsers because of the failure of the plaintiff to plead and prove that it presented the note for payment, gave notice of non-payment, protest and notice of protest, of the note sued on to the respective indorsers. Plaintiff appeals.

By note dated the 21st day of April, 1955, the maker promised to pay to appellant the sum of $35,575.22, one hundred and twenty days after date thereof at the Republic National Bank in Dallas, Texas, with 6% interest as in the note provided. Appellant alleged that the note was executed by the maker and indorsed by the appellees for the purpose of obtaining an extension of credit for materials furnished .to said maker, of which company the indorsers were and are the principal stockholders.

The only question involved here is whether the waiver embodied in the note itself is binding on the indorsers. The waiver reads:

"The maker of this note hereby waives presentment for payment, notice of non-payment, protest and notice of protest, and diligence in bringing suit against any party hereto."

Sec. 110 of the Uniform Negotiable Instruments Act adopted by Texas, Article 5938 of Vernon's Ann.Civ.Statutes, provides:

"Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an indorser, it binds him only."

All parties concede that the appellate courts of Texas have not decided the exact point in question here since the adoption of the Uniform Negotiable Instruments Act in 1919. However, in Smith v. Pickham et al., Tex.Civ.App. 1894, 8 Tex.Civ.App. 326, 28 S.W. 565, no writ history, a note signed by three makers contained a provision: "Two years after date, waiving grace and protest, we, or either of us, jointly and severally promise to pay to the order of W. H. Pickham * * *." The payee, Pickham, indorsed the note and defended a suit on his indorsement upon the ground that the holder had not taken the necessary steps to fix the liability of said indorser. The court rejected the defense, saying:

"The waiver of protest embodied in the note must be held to be a waiver, not only by the signers of the note, but by the indorser thereof; and this, because the contract of the indorser embodied 'all the terms of the instrument indorsed.' 1 Daniel, Neg. Inst. § 669; 2 Daniel, Neg. Inst. § 1092. By this, therefore, the indorser waived the taking of any and all steps which might have been otherwise necessary to fix his liability. Id. § 929."

Regardless of any doubt that might have existed prior to the adoption of the Uniform Negotiable Instruments Act, we are of the opinion from an examination of the waiver involved here in the light of the terms and provisions of Sec. 110, that the waiver is binding upon the appellee-indorsers. Furthermore, our conclusion seems to be supported by the great weight of authority of other jurisdictions which have also adopted the Uniform Negotiable Instruments Act in their construction of the effect of similar waivers under Sec. 110. The reasoning used in the opinions from other jurisdictions. seems applicable here.

In Appleton & Eldredge, Inc. v. McCarthy, Sup.Ct. of N.J., 1927, 138 A. 111,. 112, 5 N.J.Misc. 682, affirmed by the Court of Errors and Appeals, 104 N.J.L. 431, 140' A. 918, a waiver embodied in the note was held binding on the indorser. The waiver there provided: "The undersigned hereby waives presentment, protest, notice of protest, and all benefits of valuation and exemption laws of any state."

In 1939 the Court of Appeals of Ohio decided the case of Bratten v. McKelvey,. 63 Ohio App. 116, 25 N.E.2d 366, in which the note sued upon contained the following language: "Five years after date, for value received, we or either of us, as principal debtors, jointly and severally promise to pay to Robert P. Hays, or order * * *.. 'And we hereby waive protest, demand and notice of nonpayment * * *'." It was contended that the words "we hereby waive"

bind only the maker, and if it were intended to apply to the indorsers it would have expressly said so. Hays negotiated and indorsed the note. In holding Hays liable as an indorser the court said:

"The first part of Section 110, N.I.L., is a declaration of the 'law merchant' as applied in the states before the adoption of the N.I.L., and notice of dishonor to an endorser of a note containing such waiver on its face was not required to hold him liable on the note. The reason for so holding can be no better expressed than was done in an early Indiana leading case, Gordon v. Montgomery, 1862, 19 Ind. 110, wherein the note said: 'I promise to pay to the order of Gordon, Castlen & Gordon, protest, and notice of protest waived * * *.' The court said that 'the waiver of protest and notice, expressed in the note, included waiver of demand, and was operative against indorsers. We think such was its effect. It was inserted in the note for some purpose. The only purpose could be to waive protest and notice as to indorsers, for they were the only parties as to whom these acts were required, but for the waiver, to be performed. And, we think, the waiver of protest included the waiver of a demand. Such, we think, must have been the intention of the parties.' "

The Supreme Court of Pennsylvania in 1942 decided the case of Bell v. Watkins, 344 Pa. 668, 25 A.2d 320, 321, 140 A.L.R. 1249, which involved a demand note containing the following language in the body of the instrument:

"In the event of the non-performance of this promise, or of the terms hereof, this obligation shall be deemed to be due and payable without demand or notice * * *."

In reversing a judgment for the indorser on the ground that the plaintiff had not shown dishonor and notice to the indorser, the Supreme Court of Pennsylvania said:

"* * * While, as between holder and maker, waiver by the maker was unnecessary, the parties apparently considered it important to obtain the express waiver of the indorser who was also a party to the instrument, and, to accomplish it, inserted the words which brought the instrument within the provisions of Section 110. (Citations omitted).

"As the note contains the waiver of notice of dishonor, it was unnecessary to prove that the indorser had timely notice of that fact; * * *".

The only decision cited by appellees is the case of Farmers' & Merchants' State Bank v. H. E. Behrens Mfg. Co., 1924, 50 N.D. 850, 198 N.W. 467 in which the Supreme Court of North Dakota by way of dicta held that an indorser was not bound by a waiver contained in the body of the note which read as follows: "The drawer waives presentment for payment, protest, notice of protest, and nonpayment of this note." That case seems to be at variance with the overwhelming weight of authority. Cf. In re Mann, D.C.Md., 117 F.Supp. 511 (Syls. 1, 2 and 3), and note in 140 A.L.R. 1253.

We recognize that the wording in each of the waivers involved in the cases cited differs somewhat from that contained in the note involved here. However, we agree with and adopt the reasoning of the courts forming the majority which hold the indorsers bound on the waivers embodied in the respective instruments, as applicable in this case. It might be noted that the sentence containing the waiver here ends with the words "any party hereto". While it may be conceded that the waiver embodied in the instrument sued on might have been more carefully worded, it certainly does not restrict the terms of the waiver as binding the maker only as appellees contend. In order to give effect to the terms of the waiver which would be meaningless if applicable only to the maker and to give meaning to the plain wording of Sec. 110,

we hold that the indorsers, Held and Bloom, are bound by the waiver. Therefore, the trial court erred in rendering judgment that appellant take nothing against them.

The judgment of the trial court is reversed and the cause is remanded.