INTERNATIONAL CITY BANK AND TRUST COMPANY et al., Plaintiffs-Appellees,

v.

MORGAN WALTON PROPERTIES, INC., et al., Defendants-Appellants.

No. 77–3255.

United States Court of Appeals, Fifth Circuit.*

May 10, 1982.

See also 5th Cir. 612 F.2d 227; 404 So.2d 1059.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Louis K. Rosenbloum, D. L. Middlebrooks, Lefferts L. Mabie, Jr., Pensacola, Fla., for defendants-appellants.

Bert Lane, James M. Weber, Pensacola, Fla., for plaintiffs-appellees.

Before CHARLES CLARK, RONEY and HENDERSON, Circuit Judges.

PER CURIAM:

In this diversity mortgage foreclosure action, four issues were raised on appeal by the defendants against whom judgment was taken on the notes and mortgages involved. One of those issues, whether Florida or Louisiana usury law applies, has been resolved by the answer to a question certified by this Court to the Florida Supreme Court. *International City Bank & Trust Co. v. Morgan Walton Properties, Inc.*, 612 F.2d 227, 229 (5th Cir. 1980). That court held that Louisiana law applies so that the district court was correct in ruling Florida usury law is not a defense to a suit on the notes. The issue needs no discussion here. *Morgan Walton Properties, Inc. v. International City Bank & Trust Co.*, 404 So.2d 1059 (Fla.1981).

The other three issues concern the district court's holding that (1) the notes were payable on demand; (2) there was no enforceable contract under which the defendants were to receive financing for seven years; and (3) comments of plaintiff's counsel made during final oral argument did not prejudice the jury's verdict. Deciding that the district court was correct on all rulings, we affirm.

### "Demand or Two Years After Date"

Seeking to develop Walton County property into a seaside residential complex, defendants executed and delivered to International City in New Orleans, Louisiana, two promissory notes "payable on demand or two years after date." The first note was executed December 29, 1973 for $4,550,000, the second on April 25, 1974 for $2,143,000. The notes were payable in New Orleans. No formal demand on the notes was made by International City before institution of this action on December 27, 1974. Due dates of December 29, 1975 and April 25, 1976 were typed in the margins of the notes, respectively.

Defendants claim the notes are two-year notes, making plaintiff's action approximately one year premature.

■ On partial summary judgment the district court held the language "demand or two years after date," coupled with marginal notations of due dates, is clear and unambiguous, making it inappropriate to take parol evidence to resolve an ambiguity asserted by defendants. We agree with the conclusion of the district court that the notes were payable on demand, and in the absence of a demand, two years after execution.

■ Such notes must be viewed as a whole. *Royal St. Louis, Inc. v. United States*, 578 F.2d 1017, 1018 (5th Cir. 1978). The parties have not cited nor have we found decisions involving the precise language at hand reaching a contrary result. The most closely analogous case, *Bank of Nevada v. United States*, 251 F.2d 820 (5th Cir. 1958), is supportive of the district court's construction.

■ Because the notes are unambiguous, parol evidence is not admissible to ascertain the intention of the parties. *Gulf States Finance Corp. v. Airline Auto Sales, Inc.*, 248 La. 591, 181 So.2d 36 (1965). The notes were payable on demand and plaintiff's suit was not premature. *See Bank of Nevada*, 251 F.2d at 827.

■ Neither is it significant that plaintiff failed to make formal demand prior to commencing this suit. Because the filing of the lawsuit constitutes a demand, a formal demand was not necessary. 10 C.J.S. *Bills and Notes* § 345(b). Moreover, in both notes defendants waived "presentment for payment, demand, protest, and notice of protest and non-payment." This provision is binding. *Frank-Taylor-Kendrick Co. v. Voissement*, 142 La. 973, 77 So. 895 (1918). The purpose of demand prior to suit, to give the maker of the note opportunity to pay and avoid litigation expenses, is of no practical consequence where, as here, the maker chooses to defend the action. *See* 10 C.J.S. *Bills and Notes* § 345(b). Even if a demand were required before suit, a formal demand merely permits the maker to set up certain defenses as to costs and damages and does not preclude recovery on the notes. *Id.* § 345(c).

### Seven-Year Development Contract

Defendants contend plaintiff's suit on the notes only one year after their execution breached an oral agreement under which plaintiff was to finance defendants' Walton County project for seven years. Defendants rely on language in the notes, the loan agreements, a contract, and certain statements made by plaintiff's president and chairman of the board. The district court decided this issue in favor of plaintiff on partial summary judgment.

■ Careful review of the evidence in the light most favorable to defendants, *Marshall v. Victoria Transportation Co., Inc.*, 603 F.2d 1122 (5th Cir. 1979), reveals no issue of material fact regarding the existence of a seven-year joint venture or

financing contract. The promissory notes in issue are demand notes. Plaintiff could demand payment any time after execution, and was not required to wait two years, seven years or any other fixed time before doing so. This fact is reflected in the loan agreements, which provide the principal could become payable prior to the maturity date stated and funds remaining in escrow would be refunded to defendants.

■ Plaintiff was not a party to the written contract on which it relies. Louisiana recognizes the general rule that corporations are treated as separate legal entities notwithstanding the fact that they have common shareholders and officers, or that one corporation owns stock in the other. *Adams v. Associates Corp. of North America*, 390 So.2d 539, 542 (La.App.1980). In the absence of legal grounds for disregarding the separate existence of the two corporations, the contract of one is not the contract of the other.

Viewed in the proper legal and factual context, the inconclusive statements of plaintiff's president and chairman of the board do not establish a material fact issue as to the existence of a seven-year joint venture or financing contract.

Since we conclude the district court was correct in deciding that no genuine issue of material fact exists on this point, and that there was no joint venture or seven-year financing agreement between the parties to this lawsuit, plaintiff's claim that proof of such an oral contract is barred by the statute of frauds under Louisiana law need not be considered.

*Final Argument of Plaintiff's Counsel*

During final argument plaintiff's counsel commented on the testimony of two defense witnesses. As to one, defendants contend they were prejudiced by the assertion of plaintiff's counsel that the witness had been paid for his trial testimony by the president of defendant Morgan Walton Properties, Inc. Finding counsel's statement a fair inference and comment on the evidence, de-

fendants' objection was overruled by the trial court. As to the other witness, defendants claim they were prejudiced by counsel's suggesting the testimony was given in return for political favors. No objection was made to the statements concerning this latter witness. Defendants filed a motion for new trial on the ground counsel's arguments had prejudiced the jury.

■ Absent an abuse of discretion, the trial judge's decision to deny a motion for new trial will not be disturbed. *Young v. Illinois Central Gulf Railroad Co.*, 618 F.2d 332, 336 (5th Cir. 1980). Careful review of the statements claimed prejudicial by defendants reveals that none of them were harmful to defendants within the meaning of Fed.R.Civ.P. 61. *See Martin v. Travelers Indemnity Co.*, 450 F.2d 542, 556 (5th Cir. 1971). We therefore conclude the district court did not abuse its discretion in denying defendants' motion for new trial.

AFFIRMED.