## Annville National Bank *versus* Kettering.

1. Protest of a note may be waived either by a writing or by parol.

2. A waiver of "protest" of a note by an indorser before maturity releases the holder from the necessity of making demand and of notifying the indorser of non-payment.

May 8, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lebanon county:* Of July Term, 1883, No. 160.

Assumpsit, by the Annville National Bank against John Kettering, indorser on a note for $101, discounted by the plaintiffs. Plea, non-assumpsit.

At the trial, before McPHERSON, J., the facts appeared to be as follows: The note in suit was made by one William Uhrich, payable sixty days after date to the order of the said John Kettering at the Lebanon National Bank; which note was indorsed by the said defendant, and was, at his request, on April 3, 1875, discounted by the Savings and Deposit Bank of Annville, he receiving the proceeds thereof. This note, some time after September 17, 1878, became the property of the Annville National Bank, the said Savings and Deposit Bank of Annville, the former owner thereof, having, on said last named date, commenced business as a national bank, assuming all the debts and liabilities and receiving all the assets of its predecessor, the Savings and Deposit Bank aforesaid.

Both the cashier and the teller of the Savings and Deposit Bank aforesaid testified that the defendant had had numerous notes discounted at their place of business prior to the one in suit; that, upon his applying to them for the discount of his first note, he stated that he desired to commence dealings with their bank, that he would be obliged to apply to them for discounts, and that he desired it to be understood that none of his notes should be protested, as he wanted to save the cost; that, in pursuance of said request, none of his notes were protested, neither was demand made nor notice of non-payment given, and that, for the same reason, said bank omitted to protest the note in suit as well as to demand payment thereof at

the bank where the same was made payable, and to notify the defendant of its non-payment.

Counsel for plaintiff requested the court to charge the jury, inter alia, as follows:

(1.) If an indorser gives directions to the indorsee at the time or before he brings the note for discount that the same shall not be protested, and this is assented to by the indorsee, it relieves the latter of the duty of making demand for payment of the maker, and of giving notice of non-payment of the indorser of such note.

Answer. This point is refused. Such waiver of protest is prima facie evidence of presentment to and demand upon the maker, but it does not relieve the indorsee from the necessity of such presentment and demand. (First assignment of error.)

(2.) If the defendant waived protest of the note before maturity, no demand of the maker was necessary to charge him with its payment.

Answer. This is refused for the reasons just given. (Second assignment of error.)

The judge charged, inter alia, as follows:

"Assuming that such waiver of protest was made, the legal effect of a waiver of protest, as the law has laid it down, is this, that it is prima facie evidence that all that was necessary to charge the indorser has been done; that is, that the note was presented, that demand was made, and that notice was given to the indorser—the indorser stands in the same place in law as if notice of protest had been actually made and proven. . . . . . Now, upon the evidence in the case—which, so far as we recollect it, is the prima facie presumption, as we have explained it to you, and the evidence of Mr. Brightbill (the cashier), you must determine if this note was presented for payment. If you find it was presented the day after it was due, and find also that it was in the possession of the Annville National Bank up to that time, and was not in the Lebanon National Bank at all until the 3d day of June, then we instruct you that no sufficient demand was made in the case, and the plaintiff cannot recover; because, as we have explained to you, the presentment and demand at maturity of a note is one of the essential requisites—speaking generally, or in ordinary cases—to charge the indorser, and we see nothing in this case to take it out of the ordinary rule; but that is a question of fact for you to determine."

Verdict for defendant, and judgment thereon. The plaintiff took this writ, assigning for error the answers to the above points and the portion of the charge above quoted.

*Josiah Funck & Son*, for plaintiff in error.—A waiver of protest has always been understood to mean a waiver of all steps necessary to charge the indorser, and, consequently, a waiver of demand and notice: Huckenstein v. Hermann, 34 Leg. Int., 232; Coddington v. Davis, 1 Comstock, 190.

The words "waiver of protest" have also long since acquired the above meaning in the business community, and to proclaim a new and different construction would be productive of great hardship and inconvenience.

*W. M. Derr*, for defendant in error.—Waiver of protest before maturity of the note only waived the official act of the notary and the notice of non-payment. Notice can be given to the indorser of the non-payment of the note by another not a notary: Falk v. Lee, 8 W. N. C., 345. Waiving the protest puts the parties in the same condition as if the protest had been made and given in evidence, being only prima facie, and in the absence of contradictory testimony is conclusive proof of notice to the maker: Scott v. Greer, 10 Barr, 103; Day v. Ridgway & Budd, 5 Harris, 308. In the case of Huckenstein v. Herman (supra) it seems that the contention was not in regard to the demand, but to that of notice to the indorser, for in the opinion the demand and notice of its results are coupled without any intention of separating the one from the other. The expression in Huckenstein v. Hermann, relied upon by the plaintiff in error to overthrow the cases of Scott v. Greer and Day v. Ridgway, is the following in a *per curiam* opinion: "To waive the mere act of the notary, and yet to suffer the duty of making demand and giving notice to remain, would scarcely be thought of by business men."

Mr. Justice STERRETT delivered the opinion of the court, May 19, 1884.

No principle of the law merchant is better settled than that demand and notice of the non-payment of a negotiable note may be waived by the indorser, either orally or in writing, or by acts clearly calculated to mislead the holder and prevent him from treating the note as he otherwise would, but there is some diversity of opinion as to what constitutes a waiver of these necessary prerequisites to charge the indorser. When a written waiver of "demand and notice" accompanies the indorsement, or is given by the indorser before maturity of the note, there can be no question as to its legal effect; nor can there be any doubt when the language employed clearly imports or implies the same thing. It has been doubted, however, whether the words "protest waived," written on a note by the indorser, or his separate request in writing not to pro-

test it, is a waiver of both demand and notice, and in some cases these words have been considered insufficient to dispense with either; but the weight of both reason and authority is that they do constitute a waiver of both. Strictly speaking, the term " protest " applies only to foreign bills, but the custom to treat inland bills and notes in the same manner as foreign bills has become so well-nigh universal that, in common parlance, the term means the taking of such steps as are required to charge the indorser. For the same reason, the word " protested," sometimes employed in giving notice of dishonor to indorsers of inland bills and notes, clearly implies demand, non-payment, and consequent dishonor of the bill or note in all cases where protest is necessary : 1 Pars. Bills & Notes, 471, 575, 579, 582, and authorities there cited.

It is not essential that the waiver should be in writing. When the fact is established by competent evidence, a parol waiver is as valid and binding as a written one. The only difference is in the character of the proof: Barclay *v.* Weaver, 7 Harris, 396. It was there held that a verbal agreement between the holder and indorser to renew a note at maturity, might be shown by oral testimony, and that demand and notice were thereby dispensed with. The general principle underlying nearly all cases of waiver is that the indorser has by word or deed done something calculated to mislead the holder and induce him to forego the usual steps to fix the liability of the former.

It is unnecessary to refer specially to several well-considered cases in other states, holding that a waiver of protest, without more, dispenses with demand and notice of non-payment. They are in full accord with our own cases on the subject, the last of which is Huckenstein *v.* Herman, 34 Leg. Int., 232. That was a suit by the holder against the indorser of a note which was not presented for payment at maturity. To sustain the averment of demand and notice of non-payment, the plaintiff relied on the words " protest waived " written on the note and signed by the indorser the day before, or early in the morning of the day the note matured. The court charged in substance that the words were equivalent to an express waiver of demand and notice, and on that point there was a verdict for the plaintiff. In the *per curiam* opinion of this court, affirming the judgment of the Common Pleas, it is said: " A waiver of protest before maturity of a note is a waiver of all the steps leading to it, and includes demand and notice of non-payment. This, we think, is the general understanding of a waiver of protest among business men. The very purpose of a waiver is to supersede the ordinary steps and avoid trouble and expense. To waive the mere act of the notary, and yet

suffer the duty of making demand and giving notice of its result to remain, would scarcely be thought of by business men." It is argued by the learned counsel of defendant that this conflicts with the former ruling of this court in Scott v. Greer, 10 Barr., 103, but we do not so understand it. In that case it was held that the waiver of protest by an indorser on the day the note matured puts him in the same situation as if the protest had been made and proved; and, there being no contradictory evidence, it is proof under the Act of Assembly of demand, refusal and notice. It is true the learned judge who delivered the opinion in that case intimates that the prima facie case thus presented by the plaintiff might have been rebutted by showing that no demand was, in fact, made; but what was said on that subject was aside from the question before the court, and, in so far as his remarks may be considered in conflict with the ruling in Huckenstein v. Herman, supra, they cannot be regarded as authority for the position that a waiver of protest does not necessarily imply a waiver of demand and notice. The principle decided in Huckenstein v. Hermann is akin to that involved in Ridgway & Budd v. Day, 1 Harris, 208, and Brittain v. The Doylestown Bank, 5 W. & S., 87. In the latter case the indorser, by memorandum on the note, waived "notice of non-payment by the maker," and it was held that proof of demand was thereby rendered unnecessary. "The interpretation," said GIBSON, C. J., "is that he agreed to become immediately liable, without more, in case the note should not be taken up at maturity."

In the case at bar it is conceded there was neither demand nor notice of non-payment, nor was there any written waiver of protest. For the purpose of sustaining the material averment of demand and notice, testimony was introduced by plaintiff tending to prove, in substance, that during a course of dealing with the bank, defendant had several notes discounted, and the proceeds placed to his credit; that when he first requested a discount, he informed the officers of the bank that, desiring to deal with them, he would be obliged to apply for discounts, and wished it to be understood that none of his notes should be protested; that, pursuant to this request, none of them were protested, nor was payment of them demanded of the maker; and, in consequence of that understanding, payment of the note in suit was not legally demanded, nor was notice of non-payment given to defendant. In view of this testimony the court was requested to charge:

"1st. If an indorser gives directions to the indorsee, at the time or before he brings the note for discount, that the same shall not be protested, and this is assented to by the indorsee, it relieves the latter from the duty of making demand for pay-

[Phillips *v.* Meily.]

ment of the maker, and of giving notice of the non-payment to the indorser of such note."

"2d. If the defendant waived protest of the note before maturity, no demand of the maker was necessary to charge him with its payment."

The learned judge refused these points, saying: "Such waiver of protest is prima facie evidence of presentment to and demand upon the maker, but it does not relieve the indorsee from the necessity of such presentment and demand;" and he further instructed the jury, in substance, that if, in point of fact, no demand was made or no notice given to defendant, the plaintiff could not recover. It being conceded that there was no legal demand or notice, the verdict, as matter of course, was for defendant. The plaintiff's testimony, if believed by the jury, was clearly sufficient to have warranted them in finding the facts as stated in the foregoing points, and, for reasons already suggested, they should have been affirmed.

When the alleged waiver is in writing, its construction is for the court, but when it consists of verbal communications, it is the special province of the jury to consider the testimony and ascertain the facts. When ascertained, it is their duty to apply the law under the direction of the court. Assuming the facts to be as recited in the points, the law as therein stated is correct, and hence there was error in refusing to affirm plaintiff's first and second points, and in charging the jury as complained of in the third specification.

Judgment reversed, and a venire facias de novo awarded.