Bell, Secretary of Banking, Appellant, *v.* Watkins.

Argued January 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Julius Levy,* with him *Esdras F. Howell, John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Otto P. Robinson,* with him *Geo. W. Ellis,* for appellee.

OPINION BY MR. JUSTICE LINN, March 23, 1942:

The plaintiff, receiver of Peoples Savings and Trust Company of Duryea, payee of a collateral note of May 26, 1931, payable "on demand after date," brought this suit May 21, 1937, against the indorser. He averred that the note, "endorsed by the defendant" was delivered to the payee May 26, 1931, and that certain payments on account had subsequently been made and credited. There was averment of "numerous demands" on defendant for payment but none of dishonor and notice to charge him as indorser.

In his affidavit of defense, defendant admitted the note and justified refusal to pay "for the reason that he is not indebted to the plaintiff in any sum whatever on the said note; that at the request of R. R. Francke,

Executive Vice-President of the Peoples Savings and Trust Company of Duryea, payee of said note, on the 26th day of April, 1932 [long after the date of the note], without consideration and at the request of the said R. R. Francke, and for the accommodation of the Peoples Savings and Trust Company of Duryea, payee of said note, the defendant became an accommodation indorser for the said Peoples Savings and Trust Company of Duryea, payee, and for its benefit." But he was never put to proof; at the close of plaintiff's case, which consisted of the note itself, defendant moved for judgment of nonsuit. The motion was granted on the ground that plaintiff had not shown dishonor and notice to the indorser. This appeal is from the refusal to take off the non-suit.

Appellant's contention is that by the terms of the note defendant had waived presentment and notice of dishonor and that plaintiff, by producing the note showing the admitted indorsement, had made out a prima facie case; that, if these requirements were not expressly waived, a waiver should be implied. There is also an incidental contention that defendant may not take advantage of want of such notice because it is not averred in his affidavit of defense. We need refer only to the first point.

Section 110 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, 56 PS section 233, provides: "Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an indorser, it binds him only."

The question is whether the indorser is bound by the waiver contained in the note. The parties appear to have used a printed form prepared for notes with certain maturity dates; the words "on demand" were written in the blank provided for filling in the period to elapse before maturity. We copy the note from the original statement of claim and show, by italics, the words written in the blanks with pen and ink:

*"$2930.00*          Duryea, Pa., *May 26*    *1931*

"*On demand* after date *I* promise to pay to the order of *Peoples Savings and Trust Company, Duryea, Pa Two thousand nine hundred thirty & 00/100* DOLLARS at The Peoples Savings & Trust Co. of Duryea, Pa., without defalcation, for value received, having deposited herewith as collateral security for the payment of this or any other liability or liabilities of mine to the holders hereof, as maker, indorser, or otherwise, now due or to become due or that may hereafter be contracted, the following property, viz: *10 shs. Taylor Discount and Deposit Bank, Taylor, Pa. 50 shs Commonwealth & Southern Corp Common Stock — 50 shs Commonwealth & Southern Warrants.*

"And. *I* authorize the holder hereof, if it so desires, to call for additional security, and on *my* failure to respond, or in the event of the non-performance of this promise, or of the terms hereof, this obligation shall be deemed to be due and payable without demand or notice, with full power and authority to the said holder to sell, assign, and deliver the whole or any part of said security or property, any substitute therefor, or any addition thereto, at any time or place, at public or private sale, at the option of the holder aforesaid, without demand, advertisement or notice, with the right to the said holder of becoming the purchaser at said sale and absolute owner thereof, free of all claims and trusts. After deducting all legal or other costs and expenses of collection, storage, custody, sale and delivery, the residue of the proceeds, if [sic] any such sale or sales to be applied to the payment of any or all of the liabilities aforesaid, due or to become due said holder, returning the overplus, if any, to the undersigned; and in case of any deficiency holding *me* responsible therefor.

"No *12935*          "*Burton E. Watkins.*
"Due: *Demand*      Dis. *Interest*"
Indorsed: Wm. G. Watkins.

The appellant contends that the waiver is contained in the words: "in the event of the non-performance of

this promise, or of the terms hereof, this obligation shall be deemed to be due and payable without demand or notice," and that it binds the indorser who, on the evidence now before us, must be taken, as averred in the statement of claim, to have indorsed before delivery instead of later as averred in the affidavit of defense. We are of course not now concerned with what, in another trial, the defendant may show in support of the defense pleaded.

The argument for the defendant is thus stated in the brief: "The appellee insists that the words 'without demand or notice' as used therein are merely intended to accelerate the maturity of the obligation to enable the holder to realize by sale upon the securities pledged. Taking into consideration the entire language of the note it is clear that the Bank used a form of instrument more appropriate for use in matters of time obligations and that the form used was ineffective for use in a demand obligation. The words 'without demand or notice' were intended merely to accelerate the maturity in cases of default in a time obligation, and when used in connection with a demand note they become meaningless for the reason that the demand note is due and payable immediately upon execution and delivery. . . . If the words 'without demand or notice' as used in the instrument are meaningless as to the maker, they are meaningless as to notice of presentment, notice of protest and notice of nonpayment. If they are meaningless as to the maker, by no theory of law can they be effective as against the indorser."

There is no difference, as affecting the right to sue the maker, between a note payable "on demand" and one payable "on demand after date.[1] "On demand paper, a right of action against the maker arises immediately as soon as it is delivered. By the terms of the paper it might

---

[1] See cases cited in 4 Williston, Contracts (Rev. Ed. 1936), section 1175, note 3.

be supposed that demand was a prerequisite to such a right of action, and on theory it ought to be, but, as has been said,[2] in the United States and in England it is not, unless a contrary intention appears expressly or impliedly upon the face of the instrument." 4 Williston, Contracts, (Rev. Ed. 1936) section 1175. Section 264 of the Restatement, Contracts, is: "Where a contractual promise to pay money is in terms performable on demand by the promisee, but the duty of performance is otherwise unconditional, and neither more specific words nor usage requires a different result, a right of action by the promisee is not conditional on a demand being made."[3]

Prima facie, the negotiation of this note created a right of action enforceable immediately after its date; it was therefore unnecessary, for the mere purpose of then putting the maker in default for non-payment, to add the provision concerning additional collateral and the consequences of default in supplying it. That provision served another purpose.

We must determine what the parties meant by what they said and, as required by a familiar principle of construction, must, if possible, give effect to all the words used. The words "this obligation shall be deemed to be due and payable without demand or notice" include and relate to the principal obligation to pay the note on demand after date, and were not necessary to accelerate the maturity of the note or to enable the holder to resort to the collateral. That subject was covered by the specifically granted authority to sell, etc., "without demand, advertisement or notice," etc. We must therefore reject the appellee's contention that if the words were "meaningless as to the maker," they are ineffective against the indorser. While, as between holder and maker, waiver by the maker was unnecessary, the parties apparently con-

---

[2] Referring to section 1164.

[3] See *Heimpel v. First National Bank & Trust Co.*, 337 Pa. 425, 429, 12 A. 2d 28.

sidered it important to obtain the express waiver of the indorser who was also a party to the instrument, and, to accomplish it, inserted the words which brought the instrument within the provisions of Section 110. Compare *Annville Nat. Bank v. Kettering,* 106 Pa. 531, 535; and see *Bratten v. McKelvey,* 63 Ohio App. 116, 25 N. E. (2d) 366 (1939) for a collection of cases on the subject.

As the note contains the waiver of notice of dishonor, it was unnecessary to prove that the indorser had timely notice of that fact; the learned court was in error in nonsuiting on that ground. The case made out by the plaintiff required the defendant to put in his defense; his evidence may change the present aspect of the case and then require discussion of points made in the argument which cannot be considered on the present record.

Judgment reversed and new trial granted.