## McNeely et al. v. Howley et al.

*C. Wm. Kraft, Jr.,* for plaintiffs.

*Norman Snyder* and *Snyder & Snyder,* for defendants.

BRETHERICK, J., June 18, 1952. — The interesting and rather unusual question before us arises by way of defendants' preliminary objections in the nature of

a demurrer to plaintiffs' complaint in assumpsit. The preliminary objections must be overruled.

Plaintiffs aver in their complaint that on or about October 31, 1950, for full value received, defendants executed and delivered to plaintiffs their promissory note bearing that date for $8,300, payable on demand, a copy of the note being made part of the complaint; that plaintiffs are the holders and owners of the note for value, and there are no equities or set-offs in favor of defendants with relation thereto, except for two payments on account totaling $55; that plaintiffs have demanded payment of the balance due on the note, but defendants have neglected and refused to pay it or any part thereof; that plaintiffs claim there is justly due and owing them by defendants the sum of $6,662.25, "if said sum is paid on or before October 31, 1952, as provided for on the reverse side of said promissory note."

The reverse side of the note bears the following notation:

"This note is given to evidence a debt, the amount of which is in dispute, and the payees agree to accept in full satisfaction and discharge of this obligation the sum of $6,717.25, provided the said sum is received no later than two years from the date hereof. In the event the full sum of $6,717.25 is not received by the payees within two years from the date hereof, then the full face amount of this note must be paid."

Defendants contend that, regardless of the fact that the note on its face is payable on demand, the above notation precludes enforcement of payment under two years from its date. We think defendants are mistaken in their understanding of the agreement.

A demand note has, in a sense, no maturity, since payment is due immediately on execution and delivery, without any demand: Heimpel et ux. v. First National Bank & Trust Company of Bethlehem, 337 Pa. 425, 429.

"There is no difference, as affecting the right to sue the maker, between a note payable 'on demand' and one payable 'on demand after date'. 'On demand paper, a right of action against the maker arises immediately as soon as it is delivered. By the terms of the paper it might be supposed that demand was a prerequisite to such a right of action, and on theory it ought to be, but, as has been said, in the United States and in England it is not, unless a contrary intention appears expressly or impliedly upon the face of the instrument'. 4 *Williston, Contracts*, (Rev. Ed. 1936) section 1175": Bell, Secy. of Banking, v. Watkins, 344 Pa. 668, 672.

Certainly, it cannot be gainsaid that the note in suit is a demand note with all the characteristics and implications of demand paper. The holders were free to bring suit against the makers at any time after delivery. There is absolutely nothing in the language of the notation on the reverse side of the note to derogate from its character as a demand note.

The date when a note becomes *due* is one thing; the date when the note is *paid* is another. The agreement expressed in the notation has nothing to do with the *due date* of the instrument; it is concerned solely with the *amount due* as depending upon the *date of payment*.

Obviously, in the case of a demand note, either the maker or holder must take some affirmative action if the note is to be paid. In the case at bar, if the makers took affirmative action towards payment, they had the choice of voluntarily paying the lesser amount within two years, or the greater amount thereafter. On the other hand, if the holders took affirmative action towards enforcing payment (which they did), they had a corresponding choice. As the event turned, the holders chose to accept the lesser amount by bringing their action within the two years. In brief, the makers did not have two years to pay the note; they had the

privilege of paying the note with the lesser sum provided they paid the lesser sum within two years, *whether they paid that lesser sum voluntarily or after suit brought.*

We are of opinion that the agreement, considering it as a whole, is entirely free from ambiguity or obscurity, and that defendants' preliminary objections are without merit.