GERARD H. MORRISSEY ET AL. *v*. LOUIS J. OTTMAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 16-615-427

Argued September 15—decided October 25, 1961

*Ribicoff & Kotkin,* of Hartford, for the appellant (defendant).

*Massey & Jackson,* of Hartford, for the appellees (plaintiffs).

ALEXANDER, J. This appeal is from a judgment in favor of the plaintiffs allowing recovery for the balance due on a promissory note. The defendant has been held liable in his capacity as guarantor.

The defendant was president of General Sand & Stone Corporation, the maker of the note. The plaintiffs are insurance agents who had paid sums of money for insurance premiums on behalf of the corporation. The indebtedness thus created was represented by the note, which called for periodic payments to plaintiffs. The corporation was in poor financial condition. At the time in question, it was under the personal care of the defendant, who was its president and who negotiated and signed the note, not only as president but also individually as guarantor.

The defendant has pleaded as a special defense that, as guarantor, he was released of personal liability because the maker was granted extensions of time to make payment of some of the periodic instalments. The finding states that the extensions of time were mutually agreed upon by the plaintiffs and the corporation; that they were acquiesced in by the defendant in his capacity as an officer of the company; and that there was no direct evidence that the defendant agreed to the extensions in his personal capacity as a guarantor, although he agreed to the extensions. The defendant has pleaded specially that the extensions of time were granted by the plaintiffs to the maker of the note without his assent in his capacity as a guarantor.

The statute, General Statutes § 39-121, provided in part: "A person secondarily liable on the instrument is discharged: . . . (6) by any agreement binding upon the holder to extend the time of payment or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable . . . ." There may be some question as to whether the defendant, in negotiating the extensions of time, tacitly gave his assent to them in his capacity as a guarantor. However, in our view of the case, the resolution of that issue is not necessary. This is so because, in order to prevail on his special defense, the defendant must establish that there was an agreement "binding upon the holder to extend the time." This phrase has been construed to mean that there must be legal consideration for the promise to extend the time. See *Cape Charles Bank* v. *Farmers' Mutual Exchange*, 120 Va. 771; *Maglione* v. *Penta*, 266 Mass. 413; *Gleason* v. *McDonald*, 103 F.2d 837. To the same effect, see *Lockwood* v. *Crawford*, 18 Conn. 360, 376, where it was stated that "[a] mere indulgence given to the maker of a note, by the holder,

will not discharge indorsers." The testimony in this case is barren of any evidence showing that there was consideration for the extension of time. Hence, the defendant's special defense must fail.

Error is also assigned in the court's finding that defendant was an "absolute guarantor." Exhibit A reveals the following as the language of the guarantee: "For value received I hereby guarantee the payment of principal interest and chargeable costs of the attached note, waiving demand, notice of payment and payment."

"An absolute guaranty is 'an unconditional undertaking on the part of the guarantor that the maker will pay the note.'" *Beardsley* v. *Hawes,* 71 Conn. 39, 42. "A guaranty of the payment of an obligation without words of limitation on condition is construed as an absolute or unconditional guaranty." 24 Am. Jur. 885, § 16; *Robey* v. *Walton Lumber Co.,* 17 Wash. 2d 242, 256. "A conditional guaranty contemplates as a condition of liability on the part of the guarantor the happening of some contingent event other than the default of the principal debtor." *Robey* v. *Walton Lumber Co.,* supra. "The word 'protested' implies demand, nonpayment and consequent dishonor of the note." *Annville National Bank* v. *Kettering,* 106 Pa. 531. The unqualified language of the guarantee signed by the defendant indicates the correctness of the conclusion that the nature of his guarantee was absolute rather than conditional. Accordingly, the action against the guarantor will lie. Where a guarantee is absolute, no demand upon the maker of the note is necessary before bringing suit upon it. *Tyler* v. *Waddingham,* 58 Conn. 375.

There is no error.

In this opinion STAPLETON and HAMILL, Js., concurred.