## Union National Bank of Pittsburgh v. Starr

*Stephen A. George*, for plaintiff.
*Edward C. Leckey*, for defendant.

ALPERN, J., March 31, 1971.—This matter comes before the court en banc on motions for judgment on the pleadings filed by both Union National Bank of Pittsburgh, plaintiff, and Albert B. Starr, defendant.

On January 26, 1968, defendant borrowed $60,000 from plaintiff. As consideration for the loan, defendant executed a demand note payable to plaintiff and authorizing confession of judgment as of any term.

There is a dispute as to the oral agreements entered into between the parties at the time of the execution of the demand note. Defendant, in new matter, claims that at the time of the loan it was agreed that the loan would be repaid by defendant's paying the sum of $500 per month. It is further asserted by defendant that plaintiff increased the rate of interest payable on the unpaid balance and that during the spring of 1970 plaintiff requested that defendant increase the amount of his monthly payment on the loan. On June 8, 1970, defendant advised plaintiff that he would be financially unable to make monthly payments in excess of $500, the amount allegedly agreed upon by the parties. Shortly thereafter, plaintiff entered a judgment by confession against defendant on June 10, 1970, in this court at D.S.B. July term, 1970, no. 3573.

In its reply, plaintiff denies that it was agreed that defendant would repay the loan at the rate of $500 per month. On the contrary, as set forth in its complaint, plaintiff claims that the full principal amount of defendant's note was payable on demand. Furthermore, plaintiff alleges that defendant agreed that until full payment on the note was demanded, the loan was to be repaid by monthly payments of $500 and additional annual payments of $5,000. Defendant was also re-

quired to maintain a minimum balance of $10,000 on deposit with plaintiff. It is admitted by plaintiff that it increased the rate of interest on the unpaid balance, but plaintiff claims that defendant agreed upon executing the note that the rate of interest might increase. Plaintiff also admits that it requested defendant to increase the amount of his monthly payments. However, such an increase is alleged by plaintiff to be the result of defendant's failure to make a $500 payment in January 1970, his failure to make any $5,000 annual payment, and his failure to maintain a minimum balance of $10,000 on deposit with plaintiff. After being informed by defendant that he would be unable to make monthly payments in excess of $500, plaintiff entered a judgment by confession against defendant.

In the case of Mallon v. Coon, civil action no. 70-503, the District Court for the Western District of Pennsylvania issued a temporary restraining order, pending the convening of a statutory three-judge court, which enjoins the execution of any judgment entered by confession. This order remains in effect and has prevented execution on plaintiff's judgment indefinitely. Having been precluded from satisfying the judgment entered by confession, plaintiff commenced this action of assumpsit to enforce its rights on defendant's demand note.

Both parties have filed motions for judgment on the pleadings under Rule 1034 of the Pennsylvania Rules of Civil Procedure. Plaintiff claims that since defendant admits his indebtedness in the amount of $52,000 or more in his answer, no issue remains as to plaintiff's right to prevail against defendant on the demand note. Defendant contends that plaintiff may not maintain this action of assumpsit on the demand note because it has already entered judgment by con-

fession. It is defendant's position that any action on the note has merged with the judgment entered by confession. The court will first discuss the motion raised by plaintiff.

By its very nature, a demand note is payable immediately upon execution and delivery, and a right of action against the maker arises as soon as it is delivered: Heimpel v. First National Bank and Trust Company of Bethlehem, 337 Pa. 425 (1940); Bell v. Watkins, 344 Pa. 668 (1942). Since the demand note in the instant case was at all times due and payable, the disputed oral agreements in regard to terms of payment would not preclude Union National Bank from demanding payment at any time after the note was executed and delivered.

A judgment on the pleadings is properly entered in favor of a plaintiff when the essential facts of plaintiff's case are clearly admitted by defendant who sets up no additional defense: Lehner v. Montgomery, 180 Pa. Superior Ct. 493 (1956). In the present case, defendant admits having executed a demand note containing a confession of judgment clause in favor of Union National Bank. Furthermore, defendant admits his indebtedness to plaintiff in the amount of $52,000. Plaintiff is, therefore, entitled to judgment on the pleadings for this amount, unless there is merit to the defense raised by defendant in his motion for judgment on the pleadings.

The issue presented by defendant's motion is whether a claim upon a demand note merges with a judgment entered thereon by confession although execution on the judgment is precluded by a court order.

Swarb v. Lennox, 314 F. Supp. 1091 (E.D. Pa., 1970), is similar to Mallon, supra. In the former case, the three-judge court held that the Pennsylvania procedure for confession of judgment did not comply with

due process requirements where there was an absence of understanding and voluntary consent by the debtor in signing the document containing the confession of judgment clause. One of the striking inequities cited in the per curiam opinion was that the burden of proof rests upon the debtor in a petition to open judgment, although in a legal action to enforce an outstanding obligation, the burden is placed upon the plaintiff-creditor.

The rulings in Mallon and Swarb were designed to protect judgment debtors by forcing judgment creditors to seek redress by filing lawsuits instead of executing judgments by confession. In the instant case, this action of assumpsit filed by plaintiff is within the spirit of Mallon and Swarb as the present suit commenced by plaintiff assures defendant of the procedural safeguards lacking in a proceeding in which judgment is confessed. Although having admitted his indebtedness to plaintiff, defendant urges this court to apply the theory of merger and bar plaintiff's assumpsit action on the demand note.

The doctrine of merger of a cause of action in a judgment rendered thereon is based upon the public policy that it is vexatious to have a matter once adjudicated again be the subject of judicial inquiry. However, the doctrine of merger is designed to promote justice and may be applied no further than the ends of justice require. See 46 Am. Jur. 2d, Judgments, secs. 382-84 (1969); Note, "Where the Merger of a Chose in Action into a Judgment Will Not Be Recognized," 88 U. of Pa. Law Rev. 473, 476-77 (1940).

In Pennsylvania, it has been held that where judgment is entered by confession, the note and claim upon which judgment was confessed are merged in the judgment: Work v. Prall, 26 Pa. Superior Ct. 104 (1904); Richardson v. Prall, 26 Pa. Superior Ct. 110

(1904). But considering the unique situation in the case at bar, where defendant admits indebtedness on the demand note and where execution on a judgment entered by confession is enjoined by a court order, it would be unjust to apply the doctrine of merger. If plaintiff is unable to maintain this action of assumpsit, there will be an indefinite delay in the enforcement of its rights.

It is true that when plaintiff entered judgment by confession on June 10, 1970, the temporary restraining order issued by the Federal district court was in effect and plaintiff was aware that it would be prevented from executing on the confessed judgment until such time as the order was lifted. However, plaintiff's diligence in attempting to secure its rights against defendant from potential claims by the debtor's other creditors should not be used by defendant to defeat enforcement of those very rights.

For the reason stated, the court is of the opinion that the doctrine of merger is inapplicable to the case at bar. Judgment on the pleadings will be granted to plaintiff for the amount admittedly owing by defendant, and defendant's motion for judgment on the pleadings will be refused. Having already entered a judgment by confession, plaintiff has agreed to seek satisfaction of only one judgment and thereby has given assurance that it will not obtain a double recovery. It is with this understanding that the court enters the following order.

## ORDER OF COURT

And now, March 31, 1971, after oral arguments and consideration of briefs submitted by counsel, it is ordered, adjudged and decreed as follows:

1. The assumpsit action commenced by plaintiff, Union National Bank of Pittsburgh, at October term, 1970, no. 3049, is not merged into the judgment en-

tered by confession against defendant, Albert B. Starr, at D.S.B. July term, 1970, no. 3573.

2. The motion for judgment on the pleadings filed by Albert B. Starr, defendant, is refused.

3. The motion presented by plaintiff, Union National Bank, for judgment on the pleadings is granted to the following extent: Judgment is to be entered in favor of plaintiff for the sum of $52,000, the amount admittedly owing to plaintiff, without prejudice to plaintiff's right to attempt to recover or defendant's right to defend the disputed amount claimed in excess of this sum.

4. Plaintiff may execute and obtain satisfaction of but one judgment.